IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| M. J.,<br><br>                         Plaintiff,<br><br>v.<br><br>WASHINGTON UNIVERSITY IN<br>ST. LOUIS PHYSICIANS,<br>Serve at<br>660 S. Euclid Avenue<br>St. Louis, MO 63110<br><br>WASHINGTON UNIVERSITY SCHOOL<br>OF MEDICINE,<br>Serve at<br>660 S. Euclid Ave.<br>St. Louis, MO 63110<br><br>WASHINGTON UNIVERSITY MEDICAL<br>CENTER,<br>Serve at<br>660 S. Euclid Ave.<br>St. Louis, MO 63110<br><br>BARNES JEWISH HOSPITAL,<br>Serve at<br>444 Forest Park<br>St. Louis, MO 63110<br><br>MARK WRIGHTON,<br>Individually and<br>as Chancellor of Washington University,<br>Serve at<br>1 Brookings Hall<br>660 S. Euclid Avenue<br>St. Louis, MO 63110<br><br>LARRY J. SHAPIRO, Individually<br>and as President of<br>WASHINGTON UNIVERSITY MEDICAL<br>CENTER, and Chairman, Executive Faculty,<br>Serve at<br>660 S. Euclid Ave.<br>St. Louis, MO 63110 | Cause No. 1222 CC00302<br><br>Division No. |

EXHIBIT A

JAMES P. CRANE, Individually and )
as Associate Vice Chancellor of )
Washington University, )
Serve at )
660 S. Euclid Ave. )
St. Louis, MO 63110 )
)
CLAY F. SEMENKOVICH, Individually )
and as Chief, Division of Endocrinology, )
Serve at )
660 S. Euclid Ave. )
St. Louis, MO 63110 )
)
MICHAEL A. KASS, Individually )
and as Chairman, Department of )
Ophthalmology & Visual Services, )
Serve at )
660 S. Euclid Ave. )
St. Louis, MO 63110 )
)
ANNE E. BRADLEY, Individually, )
Serve at )
660 S. Euclid Ave. )
St. Louis, MO 63110 )
)
NEAL M. WRIGHT, Individually, )
Serve at )
660 S. Euclid Ave. )
St. Louis, MO 63110 )
)
RHONDA F. KIDWELL, Individually, )
Serve at )
660 S. Euclid Ave. )
St. Louis, MO 63110 )
)
RALPH G. DACEY, JR., Individually )
and as Chairman, Department of )
Neurology, )
Serve at )
660 S. Euclid Ave. )
St. Louis, MO 63110 )
)

PATRICIA FISHER, Individually )
and as HIPAA Privacy Officer )
Washington University, )
Serve at )
660 S. Euclid Ave. )
St. Louis, MO 63110 )
)
)
Defendants. )

## VERIFIED PETITION

COMES NOW, plaintiff, above named, by and through their undersigned attorney, for his Petition respectfully sets forth and state as follows:

## FACTS ATTRIBUTABLE TO ALL CAUSES OF ACTION

## PARTIES, JURISDICTION AND VENUE

1. Defendants WASHINGTON UNIVERSITY IN ST. LOUIS PHYSICIANS, WASHINGTON UNIVERSITY SCHOOL OF MEDICINE, WASHINGTON UNIVERSITY MEDICAL CENTER and BARNES JEWISH HOSPITAL are entities organized and/or existing under the laws of the state of Missouri.

2. Defendants WASHINGTON UNIVERSITY IN ST. LOUIS PHYSICIANS, WASHINGTON UNIVERSITY SCHOOL OF MEDICINE, WASHINGTON UNIVERSITY MEDICAL CENTER and BARNES JEWISH HOSPITAL maintain offices for the doing of business in the City of St. Louis, state of Missouri.

3. Defendants, MARK WRIGHTON, LARRY J. SHAPIRO, JAMES P. CRANE, CLAY F. SEMENKOVICH, MICHAEL A. KASS, ANNE E. BRADLEY, NEAL M. WRIGHT, RHONDA F. KIDWELL, RALPH G. DACEY, JR. and PATRICIA FISHER (the "Individual Defendants"), at the dates of the incidents complained of, maintained offices and places for the doing of business at the facilities of the defendants

WASHINGTON UNIVERSITY IN ST. LOUIS PHYSICIANS, WASHINGTON UNIVERSITY SCHOOL OF MEDICINE, WASHINGTON UNIVERSITY MEDICAL CENTER and BARNES JEWISH HOSPITAL (the "Hospital Defendants") in the City of St. Louis, state of Missouri.

4.  Plaintiff M.J. is M. Jacobs, and is a resident of the state of Missouri.

5.  The Circuit Court of the state of Missouri has jurisdiction over the cause and the parties and venue is proper in the Circuit Court of the Twenty-Second Judicial Circuit.

## FACTS

6.  From, on or about September 2009 through and inclusive of January 11, 2010 the Individual Defendants above named did state verbally and in written form to plaintiff's physicians and to others that plaintiff had cursed at a staff member of the Hospital Defendants that plaintiff had used the word, "damn" to said staff member, that plaintiff repeatedly refused to follow medical advice and directions and that plaintiff had broken numerous appointments with physicians employed by the Hospital Defendants.

7.  The Individual Defendant JAMES P. CRANE, representing all defendants then barred plaintiff from the premises of the Hospital Defendants, cancelled all appointments with all doctors employed or associated with the Hospital defendants and barred all physicians and other staff from meeting with, speaking with or treating plaintiff for medical conditions for which plaintiff was then under the care of such physicians and staff.

8.  At all of the dates set forth above, plaintiff was a Medicare patient of defendants and all plaintiffs bills for care were paid by governmental or private insurance which had always been accepted by defendants.

## COUNT I - DEFAMATION

9. Plaintiff repeats, reiterates and realleges each and every averment and allegation set forth in paragraphs "1" through "8" of this petition with the same force and legal effect as if set forth at length herein.

10. Defendants have purposefully, falsely, and defamatorily stated that that plaintiff had used the word, "damn" to said staff member, that plaintiff repeatedly refused to follow medical advice and directions and that plaintiff had broken numerous appointments with physicians employed by the Hospital Defendants.

11. Defamatory statements made against plaintiff include the following: "you have been verbally abusive and disrespectful to staff members," "refused to follow medical recommendations," self adjusted your medications on more than one occasion," and many more.

12. These statements were made in writing by defendants.

13. Other defamatory statements were made orally, including the allegation, seemingly the only specific allegation of a specific alleged "abusive" comment, that plaintiff used the word "damn" several times.

14. The aforesaid statements published by defendants were false, untrue, defamatory slanderous and libelous.

15. The aforesaid statements published by defendants were not published to only to plaintiff but to persons other than plaintiff; to wit, plaintiff's treating physicians and ancillary staff.

16. The aforesaid statements published by defendants that were false, untrue, defamatory and libelous were of and concerning plaintiff.

5

17. The purpose of the aforesaid defamatory statements published by defendants that were false, untrue, defamatory and libelous was to harm the plaintiff, among other ways, in his receipt of medical care and treatment and in fact, after such publication, medical care and treatment was denied to plaintiff.

18. The aforesaid statements that were false, untrue, defamatory and libelous were published by defendants without privilege, consent or in innocence.

19. Plaintiff suffered physical and emotional distress and is entitled to damages from defendants in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff prays the Court to enter a monetary judgment in his favor and against the defendants under Count I of this Petition for defamation, in an amount in excess of twenty-five thousand ($25,000) dollars, plus prejudgment interest and their costs herein expended, together with such other and further relief as the Court deems appropriate.

## COUNT II – CONSPIRACY TO DENY MEDICAL CARE

20. Plaintiff repeats, reiterates and realleges each and every averment and allegation set forth in paragraphs "1" through "8" and "10" through "19" of this petition with the same force and legal effect as if set forth at length herein.

21. Plaintiff is fully covered for all medical bills including all deductibles and every bill submitted to Medicare or other insurance carriers have been paid in full.

22. Defendants as hospitals and physicians in the United states are mandated to provide medical care to persons on Medicare, within the provisions of law.

23. The Hospital Defendants have refused to provide medical care to plaintiff, in violation of applicable law.

24. Individual Defendants MARK WRIGHTON, LARRY J. SHAPIRO, JAMES P. CRANE, CLAY F. SEMENKOVICH, MICHAEL A. KASS are NEAL M. WRIGHT are physicians and have refused to provide medical care to plaintiff at the facilities of the Hospital Defendants, where said physicians are employed or associated, in violation of applicable law.

25. That as a result of the foregoing, plaintiff suffered physical and emotional distress and is entitled to damages from defendants in an amount in excess of $25,000.00 together with such damages as are permitted under the laws of the United States for refusal to provide medical care.

WHEREFORE, Plaintiff prays the Court to enter a monetary judgment in his favor and against the defendants under Count II of this Petition for defamation, in an amount in excess of twenty-five thousand ($25,000) dollars, together with such damages as are permitted under the laws of the United States for refusal to provide medical care, plus prejudgment interest and their costs herein expended, together with such other and further relief as the Court deems appropriate.

## COUNT III – VIOLATION OF PRIVACY

26. Plaintiff repeats, reiterates and realleges each and every averment and allegation set forth in paragraphs "1" through "8," "10" through "19" and "21" through "25" of this petition with the same force and legal effect as if set forth at length herein.

27. Individual Defendant PATRICIA FISHER is an employee of the Hospital Defendants.

28. Heretofore, plaintiff demanded of the Individual Defendant PATRICIA FISHER an accounting of disclosures of protected health information in accordance with the

provisions of 45 C.F.R. § 164.528, which disclosure was refused by the Individual Defendant PATRICIA FISHER on behalf of the Hospital Defendants.

29. That as a result of the foregoing, plaintiff suffered physical and emotional distress and is entitled to damages from defendants in an amount in excess of $25,000.00 together with such damages as are permitted under the laws of the United States for refusal to protect the privacy of the plaintiff's protected health information and to provide an accounting as mandated by law.

## COUNT IV – PUNITIVE DAMAGES

30. Plaintiff repeats, reiterates and realleges each and every averment and allegation set forth in paragraphs "1" through "8," "10" through "19," "21" through "25" and "27" through "29" of this petition with the same force and legal effect as if set forth at length herein.

31. That the conduct of the defendants, above set forth was so egregious, so vicious and damaging to plaintiff in denying plaintiff medical and physicians' care, so without just cause as to mandate the award of punitive damages to plaintiff from defendants in an amount to be awarded by the finder of fact.

WHEREFORE, Plaintiff prays the Court to enter a monetary judgment in his favor and against the defendants under Count I of this Petition for defamation, in an amount in excess of twenty-five thousand ($25,000) dollars; under Count II of this Petition for defamation, in an amount in excess of twenty-five thousand ($25,000) dollars, together with such damages as are permitted under the laws of the United States for refusal to provide medical care; under Count III of this Petition in an amount in excess of $25,000.00 together with such damages as are permitted under the laws of the

provisions of 45 C.F.R. § 164.528, which disclosure was refused by the Individual Defendant PATRICIA FISHER on behalf of the Hospital Defendants.

29. That as a result of the foregoing, plaintiff suffered physical and emotional distress and is entitled to damages from defendants in an amount in excess of $25,000.00 together with such damages as are permitted under the laws of the United States for refusal to protect the privacy of the plaintiff's protected health information and to provide an accounting as mandated by law.

## COUNT IV – PUNITIVE DAMAGES

30. Plaintiff repeats, reiterates and realleges each and every averment and allegation set forth in paragraphs "1" through "8," "10" through "19," "21" through "25" and "27" through "29" of this petition with the same force and legal effect as if set forth at length herein.

31. That the conduct of the defendants, above set forth was so egregious, so vicious and damaging to plaintiff in denying plaintiff medical and physicians' care, so without just cause as to mandate the award of punitive damages to plaintiff from defendants in an amount to be awarded by the finder of fact.

WHEREFORE, Plaintiff prays the Court to enter a monetary judgment in his favor and against the defendants under Count I of this Petition for defamation, in an amount in excess of twenty-five thousand ($25,000) dollars; under Count II of this Petition for defamation, in an amount in excess of twenty-five thousand ($25,000) dollars, together with such damages as are permitted under the laws of the United States for refusal to provide medical care; under Count III of this Petition in an amount in excess of $25,000.00 together with such damages as are permitted under the laws of the

United States for refusal to protect the privacy of the plaintiff's protected health information and to provide an accounting as mandated by law; and under Count IV of this Petition for punitive damages, the grant of an award of punitive damages to plaintiff from defendants in an amount to be awarded by the finder of fact; plus prejudgment interest and their costs herein expended, together with such other and further relief as the Court deems appropriate.

Respectfully submitted,

THE CHASE LAW FIRM, PC

MATTHEW S. CHASE, #57085
231 South Bemiston Avenue, Suite 800
Clayton, MO 63105-1925
(314) 757-4861 direct
(314) 256-1966 fax
Email: matthew@chaselawpc.com

Attorney for M. J.,   Plaintiff

## VERIFICATION BY PLAINTIFF

STATE OF MISSOURI     )
                      )  ss:
COUNTY OF ST. LOUIS   )

Plaintiff, M. J. has read the within facts and states, being duly sworn on his oath, that the facts stated in the foregoing Petition are true according to his best knowledge and belief.

_____
M. J.

Subscribed to and sworn to before me, this 9th day of January, 2012.

_____
Notary Public

My Commission Expires 6-7-2013.

ANDREW SHULUSKY
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: June 7, 2013
Commission # 09811913

9