IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.J., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:12-CV-00341 |
| | ) |
| WASHINGTON UNIVERSITY | ) |
| IN ST. LOUIS PHYSICIANS, et al. | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS WASHINGTON UNIVERSITY IN ST. LOUIS PHYSICIANS, WASHINGTON UNIVERSITY SCHOOL OF MEDICINE, WASHINGTON UNIVERSITY MEDICAL CENTER, MARK WRIGHTON, LARRY J. SHAPIRO, JAMES P. CRANE, CLAY M. SEMENKOVICH, MICHAEL A. KASS, ANN E. BRADLEY, NEILL M. WRIGHT, RHONDA F. KIDWELL, RALPH G. DACEY, JR., AND PATRICIA FISHER'S ANSWER**

**ANSWER**

Defendants Washington University in St. Louis Physicians, Washington University School of Medicine, Washington University Medical Center, Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann E. Bradley,[1] Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher ("University Defendants"), for their answer to plaintiff's "Verified Petition" (hereafter "complaint") and each count and paragraph thereof, state:

---

[1] Defendant Ann E. Bradley has not been served with process as of the date of this answer. Ms. Bradley answers with full reservation of all defenses and objections to process, service of process, and personal jurisdiction. *See* Defenses, below.

## FACTS ATTRIBUTABLE TO ALL CAUSES OF ACTION

1.     University Defendants admit that The Washington University ("Washington University")[2] is a corporation established by Act of the General Assembly of the State of Missouri approved February 22, 1853, and acts amendatory thereto, and otherwise deny the allegations against them contained in paragraph 1 as framed.

2.     University Defendants admit that Washington University has facilities located within the City of St. Louis and otherwise deny the allegations against them contained in paragraph 2 as framed.

3.     University Defendants admit that Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann E. Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher maintain or maintained offices at the facilities of Washington University and otherwise deny the allegations contained in paragraph 3 as framed.

4.     University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore deny same.

5.     Paragraph 5 states legal conclusions requiring no response.  To the extent a response is required, University Defendants deny the factual allegations contained in paragraph 5.

---

[2] Plaintiff named Washington University in St. Louis Physicians, Washington University School of Medicine, and Washington University Medical Center as defendants, but the properly named defendant is "The Washington University."

6. Paragraph 6 is vague and non-specific as to which University Defendants allegedly made what statements regarding plaintiff, thereby rendering University Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Paragraph 6 refers to written documents, such documents speak for themselves. University Defendants admit that written communications were transmitted to plaintiff between September 2009 and January 11, 2010. Except as so expressly admitted, University Defendants deny the allegations contained in paragraph 6 as framed.

7. University Defendants admit that defendant James P. Crane, on behalf of University Defendants, sent plaintiff a letter dated January 11, 2010, which speaks for itself, and otherwise deny the allegations contained in paragraph 7 as framed.

8. University Defendants deny the allegations contained in paragraph 8 as framed.

## COUNT I

9. University Defendants incorporate by reference their foregoing answers and responses to paragraphs 1 through 8, as if fully set forth herein.

10. University Defendants deny the allegations contained in paragraph 10.

11. University Defendants deny the allegations contained in paragraph 11.

12. University Defendants admit that written communications were transmitted to plaintiff and further state that the vague and non-specific allegations regarding purported statements render University Defendants without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 12 and they therefore deny same as framed.

13.   University Defendants deny the allegations contained in paragraph 13.

14.   University Defendants deny the allegations contained in paragraph 14.

15.   University Defendants deny the allegations contained in paragraph 15.

16.   University Defendants deny the allegations contained in paragraph 16.

17.   University Defendants deny the allegations contained in paragraph 17.

18.   University Defendants deny the allegations contained in paragraph 18.

19.   University Defendants deny the allegations contained in paragraph 19.

## COUNT II

20.   University Defendants incorporate by reference their foregoing answers and responses to paragraphs 1 through 8 and 10 through 19, as if fully set forth herein.

21.   University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore deny same.

22.   Paragraph 22 states legal conclusions requiring no response.  To the extent a response is required, University Defendants deny the factual allegations contained in paragraph 22.

23.   University Defendants deny the allegations contained in paragraph 23.

24.   University Defendants admit that defendants Shapiro, Crane, Semenkovich, Kass, and Wright are physicians employed by Washington University and otherwise deny the allegations contained in paragraph 24.

25.   University Defendants deny the allegations contained in paragraph 25.

## COUNT III

26. University Defendants incorporate by reference their foregoing answers and responses to paragraphs 1 through 8, 10 through 19 and 21 through 25, as if fully set forth herein.

27. University Defendants admit that defendant Fisher is an employee of Washington University and otherwise deny the allegations contained in paragraph 27.

28. Paragraph 28 states legal conclusions requiring no response. To the extent a response is required, University Defendants deny the factual allegations contained in paragraph 28 as framed.

29. University Defendants deny the allegations contained in paragraph 29.

## COUNT IV

30. University Defendants incorporate by reference their foregoing answers and responses to paragraphs 1 through 8, 10 through 19, 21 through 25, and 27 through 29, as if fully set forth herein.

31. University Defendants deny the allegations contained in paragraph 31.

## Defenses

For their further answers and defenses, University Defendants state:

1. Plaintiff's complaint and each count thereof fails to state a claim upon which relief can be granted.

2. The statements made by University Defendants were and are true.

3. The statements made by University Defendants were not and are not defamatory.

4. The statements made by University Defendants were absolutely privileged and/or made under qualified privileges in good faith in performance of a duty, with the fair and reasonable purpose of protecting the interests of University Defendants, and under the intra-corporate immunity.

5. The statements made by and actions taken by University Defendants were made in good faith and without malice.

6. The statements made by University Defendants were and are statements of opinion.

7. Plaintiff failed to exhaust his administrative remedies.

8. Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, estoppel and waiver.

9. Plaintiff's claims are barred in whole or in part by applicable statutes of limitation.

10. On information and belief, plaintiff has failed to mitigate his alleged damages.

11. There is insufficient service of process and insufficient process with respect to defendant Ann E. Bradley.

12. This Court lacks personal jurisdiction over defendant Ann E. Bradley.

13. Any law purporting to permit the recovery of punitive damages in this case is unconstitutional, both on its face and as applied in this case, in violation of the requirement of the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 2 and 10 of the

Missouri Constitution in that said law: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive damages award, (2) unconstitutionally permits a jury to award punitive damages merely upon proof by a preponderance of the evidence instead of requiring a heightened burden of proof, (3) unconstitutionally may permit jury consideration of defendant's net worth, (4) is void for vagueness in that it fails to afford constitutionally sufficient advance notice as to what conduct will result in punitive sanctions, (5) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of a punitive award, (6) lacks constitutionally sufficient standards for appellate review of a punitive award, and (7) otherwise fails to satisfy constitutional requirements under applicable law.

WHEREFORE, having fully answered, University Defendants pray that this Court dismiss plaintiff's complaint and each count thereof with prejudice, award defendants their costs and attorneys' fees as allowed by law, and enter such further and other relief as the Court deems just and proper.

        KOHN, SHANDS, ELBERT,
GIANOULAKIS & GILJUM, LLP


/s/ Mark J. Bremer
Mark J. Bremer # 24696MO
Kevin Anthony Sullivan # 55140MO
1 North Brentwood Blvd., Suite 800
St. Louis, MO 63105
(314) 241-3963
(314) 241-2509 (fax)
mbremer@ksegg.com
ksullivan@ksegg.com

Attorneys for defendants Washington University in St. Louis Physicians, Washington University School of Medicine, Washington University Medical Center, Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann E. Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 2nd day of March, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Matthew S. Chase, The Chase Law Firm, PC, 231 South Bemiston, Suite 800, Clayton, MO 63105-1925, attorney for plaintiff.

        /s/ Mark J. Bremer