IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.J., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:12-CV-00341 JAR |
| | ) |
| WASHINGTON UNIVERSITY | ) |
| IN ST. LOUIS PHYSICIANS, et al. | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS
MARK WRIGHTON, LARRY J. SHAPIRO, JAMES P. CRANE,
CLAY M. SEMENKOVICH, MICHAEL A. KASS, ANN BRADLEY,
NEILL M. WRIGHT, RHONDA F. KIDWELL, RALPH G. DACEY, JR.,
AND PATRICIA FISHER'S MOTION TO DISMISS**

**Introduction**

Plaintiff filed a complaint against defendants The Washington University ("University"),[1] Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann E. Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher (collectively "Employee Defendants") alleging that plaintiff was defamed (Count I), wrongfully denied medical care in violation of Medicare and other federal laws as a result of a conspiracy (Count II), had his privacy violated because the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164.528, was not followed (Count III), and is entitled to punitive damages under

---

[1] Plaintiff named Washington University in St. Louis Physicians, Washington University School of Medicine, and Washington University Medical Center as defendants, but the properly named defendant is "The Washington University."

federal law (Count IV).  Taking all of the allegations in plaintiff's complaint to be true, the complaint fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) against Employee Defendants.  First, Employee Defendants must be dismissed because, under Missouri law, a corporation's officers or employees may not be sued individually for tortious conduct unless (1) the individuals were acting in their personal capacities and not on behalf of the corporation, and (2) the individuals had knowledge of the wrongful conduct.  *See Lynch v. Blanke Baer & Bowey Krimko, Inc.*, 901 S.W.2d 147, 153-54 (Mo. App. E.D. 1995), *abrogated on other grounds by Fleshner v. Pepose Vision Institute, P.C.*, 304 S.W.3d 81 (Mo. banc); *see also Harvey v. Citimortgage, Inc.*, No, 4:10CV551, 2011 WL 1226973 at *2 (E.D. Mo. March 29, 2011); *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 n.5 (8th Cir. 2005).  Here, there are no allegations that Employee Defendants acted in their personal capacities and not on behalf of the University, or that they had knowledge of any allegedly wrongful conduct.  Second, with respect to Ms. Bradley, Ms. Kidwell, and Dr. Dacey, the complaint makes reference to them, by names or otherwise, only in the caption and in the jurisdictional paragraph alleging that they maintained offices and did business at the University's facilities in the City of St. Louis.  (Compl. ¶ 3.)  There is no allegation that Ms. Bradley, Ms. Kidwell or Dr. Dacey did *anything* other than be employed by the University.  Thus, as a matter of law, dismissal of the action as to these individual defendants is warranted.

**Facts Alleged Regarding Employee Defendants**

At the outset, in the caption of the complaint, plaintiff represents that he is suing Dr. Wrighton, Dr. Shapiro, Dr. Crane, Dr. Semenkovich, Dr. Kass, Dr. Dacey, and Ms. Fisher as officers and employees of the University.  (Compl. caption.)  Similarly, plaintiff alleges that Employee Defendants, "at the dates of the incidents complained of, maintained offices and places for doing of business at the facilities of the [University]."  (*Id.* ¶ 3.)

In the "Facts" section of the complaint, plaintiff alleges that unnamed "Individual Defendants" made verbal and written statements about plaintiff.  *Id.* ¶ 6.  There is no mention of what each or any Employee Defendant allegedly stated or in what capacity the alleged statement was made.  Plaintiff further alleges that Dr. Crane, "representing all defendants," barred plaintiff from the University's premises, cancelled plaintiff's medical appointments, and ended plaintiff's relationship with the University and its health care providers.  *Id.* ¶ 7.  There is no allegation that Dr. Crane or anyone else acted in an individual capacity and not on behalf of the University.

Count I of the complaint refers only to "defendants" making and publishing alleged statements.  *Id.* ¶¶ 10, 12, 14-17.  There is no allegation as to which if any Employee Defendants allegedly made such statements, let alone that any of these alleged statements were made by Employee Defendants in their individual capacity and not on behalf of the University or that Employee Defendants had any knowledge of such statements.

Count II of the complaint alleges that Drs. Wrighton, Shapiro, Crane, Semenkovich, Kass and Wright, as employees of the University, refused to provide

3

medical care to plaintiff at the University's facilities. *Id.* ¶ 24. There is no allegation that any of these defendants engaged in wrongful conduct in his individual capacity or had knowledge of any such conduct.

Count III alleges that Ms. Fisher, a University employee, refused to provide an accounting of protected health information required by HIPAA, 45 C.F.R. § 164.528, "*on behalf of the Hospital Defendants.*" *Id.* ¶¶ 28-29 (emphasis added). There is no allegation that Ms. Fisher engaged in misconduct in her individual capacity and not on behalf of the University or had knowledge of any such conduct.

With respect to Ms. Bradley, Ms. Kidwell and Dr. Dacey, the complaint alleged only that they "maintained offices and places for the doing of business" at the University. *Id.* ¶ 3. There is no further mention of them, by name or otherwise, in the complaint. And there are no allegations that Ms. Bradley, Ms. Kidwell or Dr. Dacey engaged in any wrongful conduct in an individual capacity and not on behalf of the University or had any knowledge of such conduct.

## **Argument**

"Under Missouri law, merely holding a corporate office does not subject one to personal liability for the misdeeds of the corporation." *Harvey v. CitiMortgage, Inc.*, No, 4:10CV551, 2011 WL 1226973 at *2 (E.D. Mo. March 29, 2011) (Adelman, M.J.) (citation omitted); *Rhodes v. Haynes*, No. 4:06CV1703, 2008 WL 880185 at *4 (E.D. Mo. March 31, 2008) (Autrey, D.J.); *Lynch v. Blanke Baer & Bowey Krimko, Inc.*, 901 S.W.2d 147, 153 (Mo. App. E.D. 1995); *Zipper v. Health Midwest*, 978 S.W.2d 398, 414 (Mo. App. W.D. 1998). Individual liability can attach only if (1) the individual was acting in

4

his or her personal capacity and not on behalf of the employer, and (2) the individual had knowledge of the wrongful conduct. *Harvey*, 2011 WL 1226973 at *2; *Rhodes*, 2008 WL 880185 at *4; *Lynch*, 901 S.W.2d at 153-54.

In *Lynch*, the plaintiff's job was to maintain quality assurance of the employer's products by enforcing federal regulations on water activity in the products. *Id.* at 149. The plaintiff became aware of violations of these regulations, raised concerns about the violations at executive committee meetings (attended by the company's president), and urged that the products be registered with the FDA. The company's president, who was the plaintiff's supervisor, told the plaintiff that he did not want the FDA contacted. *Id.* at 149-50. The plaintiff nevertheless distributed memoranda regarding the violations and set up a meeting to discuss the problem. *Id.* The company's president received the memoranda and immediately called the plaintiff into his office. *Id.* at 150. At this meeting, the president told the plaintiff that "things are not working out" and that he did not want the plaintiff to contact the FDA. *Id.* He then terminated the plaintiff. A witness later testified that the president had said that the plaintiff "was getting into things which he really shouldn't be into." *Id.*

The plaintiff then sued his former employer and its president for wrongful discharge in violation of public policy. The trial court dismissed the case against the company's president for failure to state a claim on the basis that the president was not subject to individual liability because he had acted within the scope of his employment in terminating the plaintiff. *Id.* at 148. The Missouri Court of Appeals, Eastern District, affirmed and held that the plaintiff failed to state a claim against the company's president

5

because the president's actions were on behalf of the company and because there were "no allegations that [the president] *individually participated* in the wrongful discharge." *Id.* at 154 (emphasis added).  The Court found that the president "did not participate in an individual capacity in the discharge," even though he had terminated the plaintiff and "had actual knowledge of the wrongful discharge." *Id.*

In *Harvey*, the plaintiff brought a fraud action against his mortgage lender and two its officers alleging generally that the defendants were improperly attempting to collect a debt rescinded under the Truth in Lending Act.  2011 WL 1226973 at *1.  This Court dismissed the individual defendants because the complaint contained no allegations against the individual defendants "in their individual capacities." *Id.* at *2.  This Court held that "every factual allegation relate[d] to the Individual Defendants *in their capacities as agents or officers* of CitiMortgage, and thus Defendants correctly argue that such allegations are insufficient to state a claim against the individual Defendants." *Id.* (emphasis added).

The settled law of Missouri, as applied by this Court, warrants dismissal of the Employee Defendants in the case at hand.   There is no allegation that any Employee Defendant engaged in wrongful conduct in his or her personal capacity.  To the contrary, the plaintiff's allegations are that Employee Defendants engaged in conduct in their capacity as employees and officers of the University.  The purported claims against Drs. Wrighton, Shapiro, Crane, Semenkovich, Kass, Wright, and Ms. Fisher allege that their actions were taken as employees of the University.  (Compl. ¶¶ 24.)  Likewise, the complaint alleges that Dr. Crane engaged in conduct "representing all defendants,"

6

including the University and the other Employee Defendants.  (*Id.* ¶ 7.)  And plaintiff's allegation against Ms. Fisher expressly states that she refused to make a disclosure to plaintiff "on behalf of the Hospital Defendants." (*Id.* ¶ 28.)  Finally, Employee Defendants are identified in the caption and in the complaint as officers and employees of the University – there is no allegation about acting outside of their capacities as such. (*Id.* caption, ¶3.)

Moreover, Plaintiff does not allege that Ms. Bradley, Ms. Kidwell and Dr. Dacey engaged in any conduct whatsoever, whether in their individual capacities or as employees of the University.

Under such circumstances, *Harvey* and *Lynch* dictate that the claims against Employee Defendants should be dismissed for failure to state a claim.

## Conclusion

For the foregoing reasons, the Employee Defendants' motion to dismiss should be granted and defendants Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann E. Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher should be dismissed from this action.

KOHN, SHANDS, ELBERT,
GIANOULAKIS & GILJUM, LLP


/s/ Mark J. Bremer
Mark J. Bremer # 24696MO
Kevin Anthony Sullivan # 55140MO
1 North Brentwood Blvd., Suite 800
St. Louis, MO 63105
(314) 241-3963
(314) 241-2509 (fax)
mbremer@ksegg.com
ksullivan@ksegg.com

Attorneys for defendants Washington University in St. Louis Physicians, Washington University School of Medicine, Washington University Medical Center, Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann E. Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd of March, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Matthew S. Chase, The Chase Law Firm, PC, 231 South Bemiston, Suite 800, Clayton, MO 63105-1925, attorney for plaintiff.

/s/ Mark J. Bremer