IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.J., ) | |
|     Plaintiff, ) | |
| vs. ) | Cause No. 4:12-cv-00341-JAR |
| WASHINGTON UNIVERSITY IN ST. ) LOUIS PHYSICIANS, et al., ) | |
|     Defendants. ) | |

**ANSWER OF DEFENDANT BARNES-JEWISH HOSPITAL**

COMES NOW defendant Barnes-Jewish Hospital ("BJH"), by and through its attorneys, Fox Galvin, LLC, and for its Answer to plaintiff's Verified Petition, states as follows:

**FACTS ATTRIBUTABLE TO ALL CAUSES OF ACTION
PARTIES, JURISDICTION, AND VENUE**

1. BJH admits it is an entity organized and existing under the laws of the State of Missouri. Except as expressly admitted herein, BJH lacks sufficient information to form a reasonable belief as to the truth of the remaining allegations contained in paragraph 1 and, therefore, denies same.

2. BJH admits it maintains offices and other facilities within the City of St. Louis, Missouri. Except as expressly admitted herein, BJH lacks sufficient information to form a reasonable belief as to the truth of the remaining allegations contained in paragraph 2 and, therefore, denies same.

3. BJH denies the allegations contained in paragraph 3.

4. BJH lacks sufficient information to form a reasonable belief as to the truth of the allegations contained in paragraph 4 and, therefore, denies same.

5. BJH denies the allegations contained in paragraph 5.

## FACTS

6. BJH lacks sufficient information to form a reasonable belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies same.

7-8. BJH denies the allegations contained in paragraphs 7 and 8.

## COUNT I – DEFAMATION

9. BJH incorporates herein by reference its responses to paragraphs 1 through 8 of plaintiff's Petition as though fully set forth herein.

10-19. BJH denies the allegations contained in paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19.

## COUNT II – CONSPIRACY TO DENY MEDICAL CARE

20. BJH incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 8 and 10 through 19 of plaintiff's Petition as though fully set forth herein.

21. BJH lacks sufficient information to form a reasonable belief as to the truth of the allegations contained in paragraph 21 and, therefore, denies same.

22-25. BJH denies the allegations contained in paragraphs 22, 23, 24, and 25, inclusive.

## COUNT III – VIOLATION OF PRIVACY

26. BJH incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 8, 10 through 19, and 21 through 25 of plaintiff's Petition as though fully set forth herein.

27. BJH denies the allegations contained in paragraph 27.

28. BJH denies Patricia Fisher acted on its behalf.  BJH lacks sufficient information to form a reasonable belief as to the truth of the remaining allegations contained in paragraph 28 and, therefore, denies same.

29. BJH denies the allegations contained in paragraph 29.

**COUNT IV – PUNITIVE DAMAGES**

30. BJH incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 8, 10 through 19, 21 through 25, and 27 through 29 of plaintiff's Petition as though fully set forth  herein.

31. BJH denies the allegations contained in paragraph 31.

WHEREFORE, having fully answered, defendant Barnes-Jewish Hospital prays to be dismissed from this cause with prejudice, and awarded its costs incurred herein, its reasonable attorneys' fees, and all such other and further relief as this Court deems just and proper under the circumstances.

**DEFENSES**

1. Plaintiff's Petition and each count thereof fail to state a claim upon which relief can be granted.

2. Any statements published by BJH, or on its behalf, concerning plaintiff were and are true and accurate.

3. Any statements published by BJH, or on its behalf, were not and are not defamatory.

4. Any statements made by BJH, or on its behalf, were absolutely privileged and/or made under qualified privilege in good faith in performance of a duty, with the fair and reasonable purpose of protecting the interests of BJH and under the intra-corporate immunity.

5.      Any statements made by and actions taken by BJH, or on its behalf, were made in good faith and without malice.

6.      Any statements made by BJH, or on its behalf, were and are statements of opinion.

7.      Plaintiff has failed to exhaust his administrative remedies.

8.      Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, estoppel, and waiver.

9.      Plaintiff's claims are barred in whole or in part by applicable statutes of limitation.

10.     On information and belief, plaintiff has failed to mitigate his alleged damages.

11.     In the event this case is remanded to state court, proper venue lies in St. Louis County Circuit Court under applicable law.

12.     There is insufficient service of process with respect to this defendant.

13.     Any law purporting to permit the recovery of punitive damages in this case is unconstitutional, both on its face and as applied in this case, in violation of the requirement of the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 2 and 10 of the Missouri Constitution in that said law:  (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive damages award, (2) unconstitutionally permits a jury to award punitive damages merely upon proof by a preponderance of the evidence instead of requiring a heightened burden of proof, (3) unconstitutionally may permit jury consideration of defendant's net worth, (4) is void for vagueness in that it fails to afford constitutionally sufficient advance notice as to what

4

conduct will result in punitive sanctions, (5) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of a punitive award, (6) lacks constitutionally sufficient standards for appellate review of a punitive award, and (7) otherwise fails to satisfy constitutional requirements under applicable law.

/s/ Jonathan H. Garside
Jonathan H. Garside, #48523MO
FOX GALVIN, LLC
One South Memorial Drive, 12th Floor
St. Louis, MO  63102
314-588-7000
314-588-1965 (Fax)
jgarside@foxgalvin.com

Attorneys for Defendant
Barnes-Jewish Hospital

CERTIFICATE OF SERVICE

The undersigned certifies that service was made by means of the Notice of Electronic Filing, this 5th day of March, 2012, to the following counsel of record:

Mr. Matthew S. Chase
The Chase Law Firm, PC
231 South Bemison Avenue, Suite 800
Clayton, MO 63105-1925

Mr. Mark Bremer
Mr. Kevin A. Sullivan
Kohn, Shands, Elbert, Gianoulakis & Giljum, LLP
1 North Brentwood Blvd., Suite 800
St. Louis, MO 63105

/s/ Jonathan H. Garside