IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.J., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:12-CV-00341 JAR |
| | ) |
| WASHINGTON UNIVERSITY | ) |
| IN ST. LOUIS PHYSICIANS, et al. | ) |
| | ) |
|     Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS
MARK WRIGHTON, LARRY J. SHAPIRO, JAMES P. CRANE,
CLAY M. SEMENKOVICH, MICHAEL A. KASS, ANN BRADLEY,
NEILL M. WRIGHT, RHONDA F. KIDWELL, RALPH G. DACEY, JR.,
AND PATRICIA FISHER'S MOTION TO DISMISS**

**Introduction**

Plaintiff's short opposition underscores the need for dismissal of the individual defendants from this action. It merely takes a general rule from a 75 year old case, ignores the more recent and specific applications of the rule in the cases cited in support of the motion to dismiss, and concludes, without reference to any allegation in the complaint, that a claim has been stated against defendants Dr. Wrighton, Dr. Shapiro, Dr. Crane, Dr. Semenkovich, Dr. Kass, Dr. Wright, and Ms. Fisher (collectively "Employee Defendants").[1] As set forth herein and in the memorandum in support, dismissal of this action as to the Employee Defendants is warranted under Missouri law because plaintiff

---

[1] Plaintiff's opposition does not even attempt to argue how a claim could even remotely be stated against defendants Ms. Bradley, Ms. Kidwell and Dr. Dacey, thus conceding that these particular individual defendants must be dismissed from the action.

has failed to allege that any of the alleged conduct was performed by Employee Defendants in an individual capacity and because plaintiff cannot avoid his own allegations that the alleged conduct was undertaken by Employee Defendants in their roles as officers and employees of defendant Washington University.

### Argument – The *Lynch* and *Harvey* Cases Are Controlling and Warrant Dismissal of the Claims Against the Individual Defendants.

Noticeably missing from plaintiff's opposition is any mention of the two cases relied on by Employee Defendants in support of their motion to dismiss, *Harvey v. CitiMortgage, Inc.*, No, 4:10CV551, 2011 WL 1226973 (E.D. Mo. March 29, 2011), and *Lynch v. Blanke Baer & Bowey Krimko, Inc.*, 901 S.W.2d 147 (Mo. App. E.D. 1995), *abrogated on other grounds by Fleshner v. Pepose Vision Institute, P.C.*, 304 S.W.3d 81 (Mo. banc 2010).  Instead, plaintiff relies exclusively on a 1935 case, *Leonard v. St. Joseph Lead Co.*, 75 F.2d 390 (8th Cir. 1935), for the uncontroversial "general rule governing the personal liability of an officer or director of a corporation for torts committed by the corporation [which] is that he is not liable where he has not participated therein, nor had any knowledge of, nor given any consent to the act or transaction." *Id.* at 395 (citations omitted).

Neither *Harvey* nor *Lynch* is inconsistent with this general rule and, in fact, both cases recognize it.  *See Harvey*, 2011 WL 1226973, at *2 ("To hold a corporate officer individually liable for tortious corporate conduct, the officer must be shown to have 'actual or constructive knowledge of, and participated in, an actionable wrong.'") (citing *Lynch*); *Lynch*, 901 S.W.2d at 153 ("[C]orporate officers may be held individually liable

2

for tortious corporate conduct if they have actual or constructive knowledge of, and participated in, an actionable wrong."). However, both cases stand for the additional proposition that was neither mentioned nor at issue in *Leonard* – for an individual officer or employee to be liable as an individual, the officer or employee must have participated in the conduct in an individual capacity and not in the capacity of a corporate agent or officer. *See Harvey*, 2011 WL 1226973, at *2; *Lynch*, 901 S.W.2d at 154. Plaintiff has not addressed the more specific holdings of *Harvey* and *Lynch* and has not distinguished how these controlling authorities are not dispositive of the claims against the Employee Defendants.

Here, as demonstrated in the memorandum in support (at 6-7), the face of the complaint shows that the alleged conduct engaged in by the Employee Defendants was in their capacities as employees and officers of defendant Washington University, not as individuals. (Compl. ¶¶ 3, 7, 24, 28.) There is simply no allegation or proof that the Employee Defendants engaged in the alleged conduct in their *individual* capacities as is required by Missouri law. Rather, plaintiff's opposition takes the general rule and merely asserts (without citation to the complaint) that the Employee Defendants participated in, had knowledge of or consented to the alleged conduct of Washington University. But under *Harvey* and *Lynch*, even if the complaint did allege such participation, knowledge or consent, it still fails to state a claim against the Employee Defendants. Therefore, the Employee Defendants should be dismissed from this action.

3

## **Conclusion**

For the reasons stated above and in the memorandum in support, Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann E. Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher should be dismissed from this action.

KOHN, SHANDS, ELBERT,
GIANOULAKIS & GILJUM, LLP


/s/ Mark J. Bremer
Mark J. Bremer # 24696MO
Kevin Anthony Sullivan # 55140MO
1 North Brentwood Blvd., Suite 800
St. Louis, MO 63105
(314) 241-3963
(314) 241-2509 (fax)
mbremer@ksegg.com
ksullivan@ksegg.com

Attorneys for defendants Washington University in St. Louis Physicians, Washington University School of Medicine, Washington University Medical Center, Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann E. Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 25th day of April, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Matthew S. Chase, The Chase Law Firm, PC, 231 South Bemiston, Suite 800, Clayton, MO 63105-1925, attorney for plaintiff, and Jonathan H. Garside, Fox Galvin, LLC, One S. Memorial Drive, 12th Floor, St. Louis, MO 63102, attorney for defendant Barnes-Jewish Hospital.

/s/ Mark J. Bremer