UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.J., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV341 JAR |
| ) | |
| WASHINGTON UNIVERSITY IN ST. LOUIS ) | |
| PHYSICIANS, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher's Motion to Dismiss for Failure to State a Claim (ECF No. 10). This matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff M. Jacobs ("M.J." or "Plaintiff") was a Medicare patient of defendants. (Verified Petition (hereinafter "Complaint" or "Compl."), ECF No. 7, ¶8).[1] From approximately September 2009 through January 22, 2010, defendants documented that M.J. cursed at a Hospital[2] staff member, that M.J. used the word "damn" to a staff member, that M.J. refused to follow medical advice and that M.J. broke numerous appointments with physicians. (Id., ¶6). As a result thereof, defendant

---

[1]On January 9, 2012, the Honorable Steven Ohmer, Circuit Court Judge of the 22nd Circuit Court in the City of St. Louis, granted Plaintiff's Motion to Caption Lawsuit with Initials and Maintain Privacy. (ECF No. 1-3, p. 54).

[2]The Court refers to defendants Washington University in St. Louis Physicians, Washington University School of Medicine, Washington University Medical Center and Barnes Jewish Hospital collectively as "the Hospital." See Compl., ¶3.

James P. Crane barred M.J. from the premises of the Hospital, cancelled all of M.J.'s appointments with Hospital physicians, and barred all Hospital physicians from treating Plaintiff. (Id., ¶7).

Plaintiff filed this lawsuit in the Circuit Court of the City of St. Louis alleging claims for Defamation (Count I), Conspiracy to Deny Medical Care (Count II), Violation of Privacy (Count III), and Punitive Damages (Count IV). On February 24, 2012, Defendants removed this action to federal court. On March 2, 2012, Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher (collectively, the "Employee Defendants") filed this Motion to Dismiss for failure to state a claim, stating that M.J. has not alleged any conduct performed by the Employee Defendants in their individual capacities, rather than their official roles as employees of Washington University.

**LEGAL STANDARD**

In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court must view the allegations in a complaint liberally in the light most favorable to plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

At issue before the Court is whether the Employee Defendants can be held liable for the allegedly tortious actions they took as Hospital employees. Under Missouri law, "'merely holding a corporate office does not subject one to personal liability for the misdeeds of the corporation.'" Harvey v. CitiMortgage, Inc., No. 4:10CV551, 2011 U.S. Dist. LEXIS 32685, at *6 (E.D. Mo. Mar. 29, 2011)(quoting Grothe v. Helterbrand, 946 S.W.2d 301, 304 (Mo. Ct. App. 1997)). A corporate officer is individually liable for tortious corporate conduct only "if he or she had 'actual or constructive knowledge of, and participated in, an actionable wrong.'" State ex rel. Doe Run Res. Corp. v. Neill, 128 S.W.3d 502, 505 (Mo. 2004)(en banc) (citation omitted).

Employee Defendants assert that M.J.'s Complaint fails to state a claim against them because he has not alleged that they acted in their personal capacities and not on behalf of the University, or that they had any knowledge of wrongful conduct. (Memorandum in Support of Defendants Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher's Motion to Dismiss for Failure to State a Claim ("Memorandum"), ECF No. 11, p. 2). Rather, all of their actions appear to be in their capacities as Hospital employees. (Memorandum, p. 2)(citing Harvey v. CitiMortgage, Inc., No. 4:10CV551, 2011 U.S. Dist. LEXIS 32685, at *6 (E.D. Mo. Mar. 29, 2011); Lynch v. Blanke Baer & Bowey Krimko, Inc., 901 S.W.2d 147, 153-154 (Mo. Ct. App. 1995)[3]); (Reply Memorandum in Support of Defendants Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G.

---

[3] Abrogated on other grounds by Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010).

Dacey, Jr., and Patricia Fisher's Motion to Dismiss ("Reply"), ECF No. 22, pp. 2-3).  In addition, with respect to Bradley, Kidwell, and Dacey, the Complaint does not refer to them in any respect, other than the caption and identifying their positions at the Hospital.  (Id.).  That is, M.J. has not alleged that Bradley, Kidwell or Dacey have done anything, other than be employed by the Hospital.

In his concise response, M.J. argues that the Employee Defendants are liable because they have refused to treat M.J., barred him from the Hospital, and disclosed his private health information.  (Plaintiff's Response to Defendant's [sic] Motion to Dismiss for Failure to State a Claim ("Response"), ECF No. 21, *passim*)(citing Leonard v. St. Joseph Lead Co., 75 F.2d 390, 395 (8th Cir. 1935)).

After evaluating the pleadings, the Court grants, in part, and denies, in part, the Motion to Dismiss.  The Employee Defendants' sole argument for why this Court should dismiss this action is that M.J. has not alleged claims against them in their individual, not corporate, capacities. Missouri law, however, does not impose this additional requirement to state a tort claim against an individual acting on behalf of a corporation.  "An individual is not protected from liability simply because the acts constituting the tort 'were done in the scope and course, and pertained to, the duties of his employment.'"  State ex rel. Doe Run Res. Corp., 128 S.W.3d at 505 (quoting Curlee v. Donaldson, 233 S.W.2d 746, 754 (Mo. Ct. App. 1950). "If the rule were otherwise, 'the agent of a corporation could shield himself from liability for almost every kind of wrong, provided he was acting in the capacity of agent….'" Id. (quoting Boyd v. Wimes, 664 S.W.2d 596, 598 (Mo. App. 1984)).  With respect to Wrighton, Shapiro, Crane[4], Semenkovich, Kass, and Wright, M.J. alleges,

---

[4]M.J. also notes that the defendant Crane "participated in, had knowledge of, and gave consent to wrongfully denying Plaintiff healthcare when he barred Plaintiff from the premises of the Hospital Defendants, cancelled all appointments with doctors employed or associated with the Hospital [D]efendants and barred all physicians and other staff from meeting with, speaking with

- 4 -

among other things, that they are "physicians and have refused to provide medical care to plaintiff at the facilities of the Hospital Defendants, where said physicians are employed or associated, in violation of applicable law." (Compl., ¶24; Reply, ¶3).[5] Thus, M.J. has alleged that Wrighton, Shapiro, Crane, Semenkovich, Kass, and Wright had actual or constructive knowledge of and/or participated in an actionable wrong against him by refusing to provide medical care. The Court finds that M.J.'s allegations are sufficient to state a cause of action against Wrighton, Shapiro, Crane, Semenkovich, Kass, and Wright for defamation and conspiracy to deny medical care.

Similarly, M.J. alleges that defendant Fisher failed to provide an accounting of disclosures of protected health information in accordance with the provisions of 45 C.F.R. §164.528. (Compl., ¶28; Response, ¶4). For the reasons stated above, the Court finds that M.J. states a claim against Fisher for Violation of Privacy based upon her actions taken on behalf of the Hospital.

Finally, the Court finds that M.J. fails to state a claim against Bradley, Kidwell or Dacey. M.J. does not allege any conduct or participation by them, other than their employment with the Hospital. Bradley, Kidwell, and Dacey's mere employment with the Hospital is insufficient for a finding of liability, and they are dismissed from this action. Harvey, 2011 U.S. Dist. LEXIS 32685, at *6.

---

or treating Plaintiff for medical conditions for which Plaintiff was then under the care of such physicians and staff." (Response, ¶2; Compl., ¶7).

[5]The Court recognizes that Mark Wrighton is the chancellor of Washington University and not a physician who refuses to treat M.J. See, e.g., http://wustl.edu/about/leadership/wrighton.html (last visited on April 30, 2012). On a Motion to Dismiss, however, the Court must accept the pleadings as true on their face. See Coons, 410 F.3d at 1039.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mark Wrighton, Larry J. Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Ann Bradley, Neill M. Wright, Rhonda F. Kidwell, Ralph G. Dacey, Jr., and Patricia Fisher's Motion to Dismiss for Failure to State a Claim (ECF No. 10) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that Ann Bradley, Rhonda F. Kidwell, Ralph G. Dacey, Jr. are **DISMISSED**.

Dated this 1st day of May, 2012.

 

 

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE