STATE OF MISSOURI       )
                        ) SS:
COUNTY OF ST. LOUIS     )

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DISTRICT

| | |
|---|---|
| **MJ** ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No. 4:12-CV- 00341 JAR |
| ) | |
| **WASHINGTON UNIVERSITY** ) | |
| **IN ST. LOUIS PHYSICIANS, et al** ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO MOTION TO WITHDRAW OF MATTHEW CHASE AND THE CHASE LAW FIRM AND PLAINTIFF'S SUPPORT THEREOF**

Comes now MJ, Plaintiff and for his *Affidavit in Opposition to Motion to Withdraw of Matthew Chase and the Chase Law Firm* and his support thereof, states:

1. That the undersigned Plaintiff has received his counsel's *Motion to Withdraw* which states that said Motion has been filed "due to irreconcilable differences between Plaintiff MJ and his attorney of record, Matthew Chase with a request of this Court that said counsel be granted leave to summarily withdraw as Plaintiff's counsel.

2. That this case originated in the Circuit Court of the City of St. Louis and subsequent thereto was removed to this Court from that jurisdiction by the Defendants after which the Defendant's filed a *Motion to Dismiss*.

3. It is the understanding of the undersigned Plaintiff that thereafter, this Court denied the *Defendant's Motion to Dismiss* those parties having relevant knowledge of the issues and who allegedly have been responsible for the acts set forth in the Petition which caused damage and injury to the Plaintiff.

4. That attached hereto is a true copy of the words, verbatim, of Plaintiff's counsel set forth in correspondence with the Plaintiff.

5. That before the Defendants filed an answer or Plaintiff filed or scheduled any discovery, Plaintiff's counsel communicated to the Plaintiff by E-mail and stated in relevant part:

> *"Wash U. and attorneys are definitely poised to make certain that this litigation is as costly and lengthy as humanly possible, for you and your counsel."*

6. Additionally, Plaintiff's counsel stated: (**Exhibit A, attached**):

> "I must either withdraw as counsel, leaving you as a pro se litigant, which will required consent of the Court *or we must revise the original contract from a contingency fee agreement to an hourly fee agreement.* My hourly rate is on the low side for local attorneys. Sid and I each bill at $240 and $190/hour respectively and legal research by our paralegal is billed at $50/hour and would require a minimum of $5,000 retainer. I will not count any hours spent thus far in the matter, but expect the total legal fees to exceed this retainer. I would advise when the retainer amount is running low and obtain further fees when the time arose." (Emphasis added).

7. That the current Agreement in effect between Plaintiff and his counsel was on a contingency basis; that Agreement was executed by both parties. The Plaintiff agreed, in accordance with the terms of the Agreement, to pay all necessary out-of-pocket costs.

8. There was, and is, no consideration for any revisions of the original Agreement

9. On the basis of the existing Agreement, Plaintiff relied on its terms and conditions and previously paid the out of pocket costs incurred for service of the Petitions on all defendants in the approximate amount of $800 for sheriff's service fees.

10. That the Plaintiff has not refused, and continues to be ready, willing, and able, to pay all necessary future out-of-pocket costs involved in this litigation, specifically, the costs of the time involved for a court reporter to take the necessary depositions.

11. That prior to the Agreement between Plaintiff and his attorney, Plaintiff fully discussed and set forth with his attorney, Plaintiff's limited income and the fact that representation would have to be on contingency fee basis. Such was explicitly known to Plaintiff's counsel and accepted by him from the onset.

12 That any allegation by Plaintiff's attorney now that there are *suddenly* "irreconcilable differences" is not well taken or propounded in good faith in view of the fact that Plaintiff's attorney has indicated in the attached exhibit, his willingness to continue as counsel for the Plaintiff but **ONLY** if "we must revised the original contract from a contingency fee agreement to an hourly fee agreement" because, as also stated by the Plaintiff's attorney, *"Wash U and attorneys are definitely poised to make certain that the litigation is as costly and lengthy as humanly possible for you and your counsel."*

13. Further, Plaintiff's attorney has indicated to Plaintiff that "if the court orders it," I will take the necessary depositions."

14. That the Plaintiff has abided fully by the terms of the contract, his Agreement, with his attorney and in reliance thereof, advanced service costs in the amount of ~$800. He has a legal right to fully expect that his attorney will abide also by the Agreement to Represent--particularly in view of the fact that there are no issues of fact, in fact, that present ANY *irreconcilable* differences between the parties at this time.

15. That the Plaintiff and his attorney have discussed the necessity of approximately five depositions and counsel for the Plaintiff has indicated that "if the court orders it, " I will comply. That such is agreeable to Plaintiff subject to any additional depositions of persons that may be discovered from interrogatories, production of documents, and/or from those persons deposed. Once again, Plaintiff reiterates that he is ready, willing, and able to pay the out of pocket cost of

the court reporter for the taking of the aforesaid depositions.

16. That in the event that Plaintiff is able to find substitute counsel agreeable to Plaintiff to substitute for his present counsel, Plaintiff would agree, at that time not to oppose a subsequent withdrawal motion from his present attorney, but only at such time.

17. That this Court has discretion in this matter. That if this Court, nevertheless, in view of all the facts set forth and knowing that there is an existing Agreement between the parties, that the Plaintiff has relied upon and has not breached, still allows the withdrawal of Plaintiff's counsel without just cause and in the absence of any true irreconcilable differences, it will, in effect be condoning and ratifying Plaintiff's counsel's breach of the Contact between Plaintiff and his counsel and will, in effect, decimate Plaintiff's cause of action before this Court.

18. That Plaintiff has just been diagnosed with cancer and in addition to his other serious medical ailments and a total lack of legal knowledge and procedure required of a pro-se litigant in this court, he would be unable to continue pro-se. Further, if this Court were to dismiss Plaintiff's cause of action "*without* prejudice," as this Court and Plaintiff's counsel know and as Plaintiff has been informed, Plaintiff's causes of action for defamation would be forever barred and cannot be refiled because of the subsequent lapse of the applicable *Statute of Limitations*

19. That Plaintiff respectfully suggests, and would agree to, the following;

A. That if this Court denies Plaintiff's Counsel's *Motion to Withdraw*, at such time as Plaintiff has been able to find substitute counsel who is ready and willing to substitute for Plaintiff's present counsel with the same contingency terms and conditions which presently exist between Plaintiff and his attorney, Plaintiff would then agree that Plaintiff's present counsel's refiling of his *Motion to Withdraw* could be reconsidered by this Court at that time.

B. In the meantime, Plaintiff's counsel should and must be required to comply with his contractual obligation, among other things, to conduct the necessary depositions needed and the discovery applicable in view of the Plaintiff's reaffirmation of his continued readiness and willingness to pay the necessary out-of-pocket external costs for the time of a Court reporter.

C. Alternatively, that if this Court now denies Plaintiff's counsel's motion to withdraw, such denial should be "without prejudice" with leave to refile at such time as all of the Plaintiff's discovery: depositions, interrogatories, and production, are completed.

D. That this Court should be aware that if it does not now exercise its proper discretion and grants the Plaintiff's counsel to withdraw without conditions, Plaintiff, who has now been diagnosed with cancer in addition to his other serious maladies, will be unable to proceed pro-se.

E. That if this Court does not exercise its proper discretion and allows Plaintiff's counsel to dismiss this cause without prejudice, Plaintiff's causes of action for defamation will be lost forever as direct result of the of the applicable Statute of Limitations related thereto.

F. That this Court should recognize that when two parties enter an Agreement, & counsel is aware of Plaintiff's limited financial ability, the Plaintiff, in reliance advances approximately $800 for services of the pleadings, and there is no requirement for a "revision" of the original contract, it would not be proper, ethical, or fair for this Court to condone a breach of the aforesaid contract by Plaintiff's counsel on the alleged grounds of "irreconcilable differences," an allegation which is not supported by the Plaintiff's counsel's pleadings.

3

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT WILL DENY PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND SHALL ENTER SUCH ORDERS WHICH ARE FAIR, JUST AND PROPER CONSIDERING THE PREMISES.**

Respectfully,

*MJ*
Plaintiff

This is to certify that the aforesaid affiant appeared before me, this 10th day of May 2012 and after being duly sworn, upon his oath, states that all of the foregoing is true and correct to the best of his knowledge, information and belief.

NOTARY: *Elsa A Herrera*

My commission expires:

"OFFICIAL SEAL"
ELSA A. HERRERA
Notary Public, State of Illinois
My Commission Expires 7/31/2013

4



Wash U and attorneys are definitely poised to make certain that this litigation is as costly and lengthy as humanly possible, for you and your counsel;

I must either withdraw as counsel, leaving you as a *pro se* litigant, which will require the consent of the Court, or we must revise the original contract from a contingency fee agreement to an hourly fee agreement. My hourly rate is on the low side for local attorneys - Sid and I each bill at $240 and $190/hour respectively, and legal research by our paralegal is billed at $50/hour and would require a minimum $5,000 retainer. I will not count any hours spent thus far in the matter, but expect the total legal fees to exceed this retainer. I would advise when the retainer amount is running low and obtain further fees when the time arose.

Sincerely,

Matthew S. Chase
The Chase Law Firm, PC
231 South Bemiston Avenue
Suite 800
Clayton, MO 63105-1925
(314) 854-9166 office
(314) 256-1966 fax
**(314) 757-4861 cell  \*\*BEST CONTACT\*\***
matthew@chaselawpc.com