UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| M.J., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV341 JAR |
| | ) | |
| WASHINGTON UNIVERSITY IN ST. LOUIS | ) | |
| PHYSICIANS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Washington University in St. Louis Physicians, Washington University School of Medicine, Washington University Medical Center, Mark Wrighton, Larry Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Neill M. Wright and Patricia Fisher's Motion for Sanctions and Dismissal ("Motion for Sanctions and Dismissal"; ECF No. 65)[1], Defendant Barnes-Jewish Hospital's Motion for Joinder in University Defendants' Motion for Sanctions and Dismissal (ECF No. 68), and Plaintiff's Verified Response to the Court's Memorandum and Order of January 3, 2013; Plaintiff's Motion for the Court to Reconsider in Light of New Evidence of the Need for a Stay of All Proceedings ("Motion for Reconsideration"; ECF No. 69). These matters are fully briefed and ready for disposition.

## BACKGROUND

On or around February 24, 2012, this case was removed from the Circuit Court of the City of St. Louis. (ECF No. 7). In his Petition, Plaintiff alleged claims for Defamation (Count I),

---

[1] The Court refers to these defendants as the "University Defendants."

Conspiracy to Deny Medical Care (Count II), Violation of Privacy (Count III), and Punitive Damages (Count IV).[2]

On May 11, 2012, a hearing was held on Plaintiff's counsel's motion for leave to withdraw. (ECF No. 26). Plaintiff attended in person and, with the agreement of Plaintiff, the Court granted Plaintiff's counsel's motion for leave to withdraw. (ECF No. 30). Further, at the request of Plaintiff, the Court stayed this action for sixty days to allow Plaintiff to obtain new counsel. (Id.). Thereafter, Plaintiff requested a further extension of the stay, and the Court granted an additional forty-five day stay of the action. (ECF No. 37).

The Court lifted the stay in this case on September 7, 2012. (ECF No. 49). The Court directed the parties to submit a joint scheduling plan ("JSP") by October 1, 2012, but Plaintiff did not participate in discussions with Defendants regarding the same and Defendants filed the JSP unilaterally. (Motion for Sanctions and Dismissal, ¶¶4-5). On October 25, 2012, the University Defendants served on Plaintiff their first set of interrogatories, first request for production of documents, and first requests for admissions. (ECF No. 65-3).[3] On October 29, 2012, the Court issued a Case Management Order in this case. (ECF No. 57). The Court ordered the parties to make their Rule 26(a)(1) disclosures no later than November 1, 2012. (Id.). Having learned that Plaintiff did not make his Rule 26(a)(1) disclosures, the Court again ordered Plaintiff to provide his Rule 26(a)(1) disclosures on November 8, 2012. (ECF No. 59). In its January 3, 2013 Order, the Court noted that Plaintiff had still not provided his Rule 26(a)(1) disclosures or responded to Defendants' discovery requests in contravention of the Court's Orders. (ECF No. 64). The Court ordered

---

[2]The Court notes that there are two claims identified as "Count IV" for Punitive Damages.

[3]BJC notes that it did not serve discovery in this case because it did not want to overburden Plaintiff, who was proceeding *pro se.* (ECF No. 68). Instead, BJC intended to review Plaintiff's responses to the University Defendants' discovery. Nevertheless, BJC contends that it has never received Plaintiff's Rule 26(a)(1) disclosures.

Plaintiff to comply with the Court's Case Management Order and other Orders, or he would face sanction, including possible dismissal of his claims. (Id.). On January 4, 2013, counsel for the University Defendants sent Plaintiff a letter asking him to provide his Rule 26(a)(1) disclosures by January 18, 2013, or the University Defendants would seek dismissal of Plaintiff's claims. (ECF No. 65-6). Plaintiff refused to accept this letter. (ECF No. 65-7).

On January 23, 2013, the University Defendants filed their Motion for Sanctions and Dismissal. (ECF No. 65). On January 24, 2013, Defendant Barnes-Jewish Hospital ("BJC") moved to join in the University Defendants' Motion for Sanctions and Dismissal. (ECF No. 68). Plaintiff has responded to the Motion for Sanctions and Dismissal and also filed the Motion for Reconsideration.[4]

## **DISCUSSION**

In the Motion, the University Defendants assert that this Court should dismiss Plaintiff's claims because he has disobeyed Court orders. Specifically, Plaintiff failed to submit or participate in the submission of the JSP, has not provided his Rule 26(a)(1) disclosures, or responded to the first set of interrogatories, first request for production of documents, and first requests for admissions directed towards him. On January 3, 2013, the Court ordered Plaintiff to respond to discovery requests and notified him that, if he failed to do so, that he would face sanctions, including possible dismissal. (ECF No. 64). Plaintiff, however, still has not provided any discovery responses.

District courts have inherent power to dismiss a case for failure to prosecute. Miller v. Benson, 51 F.3d 166, 168 (8th Cir.1995)(citing Sterling v. United States, 985 F.2d 411, 412 (8th Cir.1993)). The Eighth Circuit has found that "[a]n action may be dismissed pursuant to Rule 41(b)

---

[4]In addition, Plaintiff filed a Response to Defendants' Reply Memorandum in Support of Defendants Washington University School of Medicine ... Motion for Sanctions and Dismissal (ECF No. 79), which is essentially a sur-reply. Although Plaintiff did not seek leave to file the sur-reply, the Court will consider it.

- 3 -

if a plaintiff has failed to comply with any order of the court." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir.1994). Federal Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with ... a court order, a defendant may move to dismiss the action or any claim against it." "Dismissals with prejudice are drastic and extremely harsh sanctions. Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action or where the plaintiff has consistently and willfully failed to prosecute his [or her] claim." Miller, 51 F.3d at 168 (quoting Sterling, 985 F.2d at 412). See also Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 722 (8th Cir.2010) (affirming a Rule 41(b) dismissal where plaintiff acted with a "persistent pattern of delay and failure to comply" with court orders, and court had previously "attempted to address plaintiff's conduct through less severe sanctions and warned plaintiff of possibility of dismissal"). In order for a court to dismiss a plaintiff's claims for failure to prosecute, the court "need only find that [the] litigant acted deliberately rather than accidentally, and need not find bad faith." Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir.1997).

Here, the Court finds ample evidence that Plaintiff deliberately has failed to prosecute his claims. Plaintiff has been warned by the Court that his failure to participate in discovery could result in dismissal. (ECF No. 64). Plaintiff, however, has chosen not to obey the Court's orders and provide discovery. Rather than prosecuting his case, Plaintiff has engaged in a series of dilatory tactics. Plaintiff continues to file lengthy and detailed motions re-arguing his request for a long-term (27 week) stay of this case. (ECF No. 54, 60, 61).[5]

---

[5]As further example of such dilatory conduct, Plaintiff filed a motion to clarify wherein he claimed that the Court had granted his stay, even after the Court clearly and unequivocally lifted the stay in this case. (ECF No. 58).

- 4 -

Along the same lines, Plaintiff's Motion for Reconsideration again makes the same arguments regarding Plaintiff's physical health and requests a 27 week stay of this action.[6] Plaintiff, however, does not identify when he will be able to prosecute his case or indicate that he will obtain counsel. Plaintiff is not indigent and it remains unclear to the Court as to why he has not hired counsel to litigate his claims. Thus, Plaintiff's Motion for Reconsideration raises no new arguments but only serves to delay litigation and attempt to distract the Court from Plaintiff's failure to comply with its Orders and prosecute his case. For these reasons, the Court denies Plaintiff's Motion for Reconsideration.

Finally, the Court notes that Plaintiff has demonstrated that he is capable of litigating this case. Plaintiff has filed several requests for a stay and strongly opposed the Motion for Sanctions and Dismissal. See Pace v. The Wellpoint Companies, Inc., 4:07CV1851CDP, 2008 WL 1995345, at *2 (E.D. Mo. May 6, 2008)("Plaintiff's counsel has continued to file documents in other matters in this district during this time frame, so there can be no argument that he was somehow incapacitated."). If Plaintiff spent as much time litigating his case and providing the Court-ordered discovery as he did filing duplicative and frivolous motions, then this case would be much further along and this Order would not be necessary. In fact, Plaintiff asserted that he spent over 70 hours in the past month preparing his 9-page, single spaced opposition to the University Defendants' Motion and his 12-page, single spaced Motion to Reconsider. (Plaintiff's Response to Defendants' Motion for Sanctions and Dismissal ("Response"), ECF No. 76, pp. 5-6, Motion for Reconsideration, p. 2, n.4).

---

[6]In their Memorandum in Support of their Motion for Sanctions and Dismissal, the University Defendants note that Plaintiff has engaged in this type of protracted litigation in other cases. (ECF No. 66, p. 10; Reply, pp. 1-2); see, e.g., Ronollo v. Jacobs, 775 S.W.2d 121, 125 (Mo. 1989)(affirming summary judgment after the trial court stayed the action for four months, even though Jacobs requested an additional two month continuance for health reasons); Jacobs v. McDaniel, No. 23CV305-6614 (Jefferson County Cir. Ct. Mar. 9, 2009).

Based upon the foregoing, the Court finds that Plaintiff has failed to litigate his claims and he should be sanctioned under Rule 41(b). The Court holds that Plaintiff has exhibited a "persistent pattern of delay, and has deliberately failed to comply with this Court's Orders." Steelman v. Sonic Drive-In of Salem, Missouri, LLC, 4:12CV00312 ERW, 2013 WL 239146, at *2 (E.D. Mo. Jan. 22, 2013). The Court, therefore, grants Defendants' Motion for Sanctions and Dismissal. Id.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Washington University in St. Louis Physicians, Washington University School of Medicine, Washington University Medical Center, Mark Wrighton, Larry Shapiro, James P. Crane, Clay M. Semenkovich, Michael A. Kass, Neill M. Wright and Patricia Fisher's Motion for Sanctions and Dismissal [65] and Defendant Barnes-Jewish Hospital's Motion for Joinder in University Defendants' Motion for Sanctions and Dismissal [68] are **GRANTED**. Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Verified Response to the Court's Memorandum and Order of January 3, 2013; Plaintiff's Motion for the Court to Reconsider in Light of New Evidence of the Need for a Stay of All Proceedings [69] is **DENIED**.

Dated this 4th day of March, 2013.

                                                         JOHN A. ROSS
                                                         UNITED STATES DISTRICT JUDGE