UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.J., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV341 JAR |
| ) | |
| WASHINGTON UNIVERSITY IN ST. LOUIS ) | |
| PHYSICIANS, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The matter is before the Court on Plaintiff's e-mail to the clerk's office, which the Court will construe as a Motion for Reconsideration and Request for Documents (ECF No. 82).[1] In Plaintiff's Motion, he asserts that he has had no access to PACER and claims that he could only access the "public filings, Activity, provided to me by E-mail from the Court, nothing more!" (Id.). Plaintiff claims that he did not receive full and complete copies of the Court's orders, namely the Court's January 3, 2013 Order, but merely notices of activity. (Id.). Plaintiff indicates that he is entitled to the Court setting aside its Order of Dismissal and requests the full and complete copies of the Court's Orders. (Id.).

First, the Court notes that Plaintiff has again contacted individual Court personnel via e-mail in violation of the Court's order forbidding him from doing so. See ECF No. 73. The Court specifically directed Plaintiff "not to send any requests to individual court staff." (Id.). Plaintiff's action exemplifies his blatant disregard for this Court and its Orders.

---

[1] Although Plaintiff e-mailed this "request" to an individual court staff member, the Court dockets it as a motion as it clearly seeks action on behalf of the Court.

y
z

Second, Plaintiff requested and received PACER access so that he could obtain immediate access to the filings, including the Court's Orders in this case.  See ECF No. 30.  The Court only ordered that Plaintiff could not file motions electronically or via facsimile.  Plaintiff had access to the Court's Orders via PACER and any claim otherwise is implausible, at best.

The record also reflects that Plaintiff received the Court's Orders.  Plaintiff claims that he did not access or receive this Court's Orders, including its January 3, 2013 Order that notified Plaintiff that he had to comply with the Court's Orders or else he would face sanctions.  Nevertheless, on January 29, 2013, Plaintiff filed a "Verified Response to the Court's Memorandum and Order of January 3, 2013" (ECF No. 69).  In addition, the University Defendants have notified the Court that they had provided Plaintiff with copies of orders including the Court's January 3, 2013 Order, their Motion for Sanctions and Memorandum in Support, and the Court's March 4, 2013 Memorandum and Order and Order of Dismissal.  (ECF No. 83).  Plaintiff clearly was aware of this Court's January 3, 2013 Order and warning regarding sanctions, including dismissal, for failure to comply with the Court's Case Management Order.

Finally, the Court finds it incredible that Plaintiff would sit idly by and not notify the Court that he was not receiving or did not have access to the Court's Orders.  Plaintiff is a trained lawyer who has not hesitated to notify the Court of any developments in his case or issues that he has.  In fact, as previously noted, the Court had to order Plaintiff not to contact individual Court staff members with "requests," which sought relief from the Court.  The Court finds it to be not credible that Plaintiff would receive notices from the Court regarding Court Orders and would not ask the Court for access to or copies of such Orders.

Accordingly,

**IT IS HEREBY ORDERED** that  Plaintiff's Motion for Reconsideration and Request for Documents [ 82] is **GRANTED**, in part, and **DENIED**, in part.  The Court will not set aside its Order of Dismissal.  The Court orders the Clerk of the Court to mail Plaintiff a copy of this Order, its January 3, 2013 Order (ECF No. 64), and its March 4, 2013 Memorandum and Order and Order of Dismissal (ECF Nos. 80, 81).

Dated this 15th day of March, 2013.

                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE