RECEIVED
APR 0 9 2013
BY MAIL

FILED
APR - 9 2013
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

MJ )
    Plaintiff, )
) Cause No. 4:12-CV-00341 JAR
WASHINGTON UNIVERSITY )
IN ST. LOUIS PHYSICIANS, et al )
)
    Defendants )

### *PLAINTIFF'S MOTION FOR THE COURT TO ENTER ITS ORDER THAT THE CLERK SHALL MAIL TO PLAINTIFF, A FREE COPY OF ALL DOCKET ENTRIES, ALL DOCUMENTS FILED, AND ALL E-MAILS SENT TO AND FROM STAFF*

Comes now Plaintiff with the aforesaid Plaintiff's Motion, and states:

1. That the staff and the Court have been fully aware from E-mails to staff and from information available to the Court from its Clerk's office that not only has the Plaintiff NOT received from the Court, documents filed, but also, that Plaintiff did not at any time acquire log-in access (from the Clerk's office), necessary to utilize the electronic system known as PACER from the onset of this litigation; and, the reason why has been that the Plaintiff has a very old computer (400 mh processor), with an obsolete Windows 3.1 operating system incapable of retrieving documents from the PACER system.

2. That this Court has continued to treat Plaintiff as a 2nd class litigant and as a direct and proximate result, has denied the Plaintiff his constitution rights of due process under the U.S. Constitution, 5th & 14th Amendments and under the Missouri Constitution, Article I, §2 and §14, for example, while the Defendants have been able to obtain **FREE**, copies of documents within **PACER**, this Court has required Plaintiff to pay for each page.

    A. Finally, Plaintiff requested that the court Order its Clerk to mail to Plaintiff copies of all filings in the Court's file, a copy of the docket, and all E-mails sent and received by the Court's Staff.[1] This Court on March 16, 2013 ruled:

> "**Because Plaintiff has not provided his financial information,**[2] *Plaintiff's . . . Motion for Order that the Clerk mail to Plaintiff a copy of the Court's Entire File, all docket entries, and all e-mails sent and received by the court staff* [85] is **DENIED.**"

    3. That attached is **Exhibit A** setting forth by general E-mail, the official notice from PACER which indicates that "attorneys of record and parties" utilizing **PACER** are entitled to

---

[1] Query: Why should Plaintiff be required to provide personal financial information in order to receive the same FREE documents available to other parties? What rule or legal precedent specifies that the Court may use any excuse, i.e., financial, for requiring one party to provide financial information to obtain copies of documents filed and a copy of the docket when the other party may obtain this information for FREE?

[2] Information relating to Plaintiff's income, expenses, and ability to pay.

"one *FREE* electronic copy of all documents filed " electronically in order to obtain copies of documents filed.

4. That since the Plaintiff has irrefutably had no access to **PACER** and such has been known not only to the Court's staff, but also to the Court, he has been, nevertheless, entitled to receive from the Clerk a *FREE* copy of all documents filed--to be provided to Plaintiff by means *other than through* PACER!

5. That on multiple occasions, [(**Exhibit B**) just several of the Plaintiff's multiple requests for documents)], Plaintiff has requested copies of documents filed, but only a few initial ones were provided and the majority of his basic requests have either been **DENIED** and/or there has been no response to the requests from the Court.

6. That the Court's staff on as late as March 18, 2013 e-mailed Plaintiff of the staff's inability to comply with Plaintiff's mundane requests for copies, and stated:

**" As previously ordered, all requests must be made to the Court."**

7. That the documents requested have been necessary to Plaintiff through the course of this litigation and for the Plaintiff's consideration of an appeal of the decision of this Court dated April 4, 2013 denying Plaintiff's Motion filed on April 3, 2013 to Set Aside its dismissal in this case with prejudice filed by the Court on March 4, 2014.

8. That there is no legal, ethical, or any other justification or rational for this Court to require the Plaintiff to be compelled to pay for the aforesaid copies at prices up to 50 cents per page when other parties in the same case have been entitled to *FREE* copies from the Court's Clerk.

9. That further, without the Court providing a copy of its docket entries, the Plaintiff cannot even be certain or verify that the Clerk fully complied with Rule 77, to wit:

**Rule #77 (1) Service states the Court's obligation to provide the following:**

> "(1) **Service.** Immediately after entering an order or judgment, the clerk **must** serve notice of the entry as provided in Rule 5(b) on each part who is not in default for failing to appear.  The Clerk **must** record the service on the docket." (emphasis added).

10. That upon information and belief, the "docket" does not reflect any actual Court orders being provided to the Plaintiff, but only *Notices of Activity* and nothing more as to the actual documents filed with the Clerk by the Court and by opposing parties.

> Federal Court Rules *Currentness* relating to the U.S. District Court
> for the Eastern District of Missouri, state:
>
> *Rule 5- 2.12 Service in Electronic Cases*
>
> Service of papers on other parties are required by F ed.R.CivP.5 and service *by the Court of notice of entry of an order or judgment* as required by Fed . R.Civ. P.77 may be made by means of the Court 's Notice of Electronic filing <u>where the person so served has</u>

2

**consented in writing to service by such means.** (emphasis added). *See,* Fed.R.Civ. P.5(b) (2)(D ) and 5(b)(3). . .

Where applicable, a certificate of service shall reflect that service was made by means of the Notice of Electronic Filing. Service pursuant to Fed.R.Civ. P4 may not be effected by electronic means. (emphasis added)

11. At no time did the Plaintiff herein **ever** "consent to service by electronic means!" As such, without consent for such service of orders and judgments by electronic means, this Court, in order not to violate the Plaintiff's constitutional rights of due process and equal protection, was mandated, duty-bound, and required to provide its actual orders and judgments *by other means*, to wit: either by attachment of verbatim orders as PDF to E-mails (preferable) or by U.S. Mail (although such would incur delay until the Plaintiff actually received the mailing).

12. Plaintiff has not received this Court's orders from the Court by either means indicated in paragraph nine hereinabove. **Exhibit B** overwhelmingly confirms that plaintiff *attempted* on multiple occasions to obtain copies of Orders from this court's staff.[3]

13. That for the Court to deny Plaintiff's request because this party does not have access to PACER due to equipment and software limitations and has not furnished financial information with the court, is not justification, and cannot be "justification," to deny Plaintiff the same documents/information, to wit: filed documents that the Court makes available *FREE* to other parties in the same ligation. Plaintiff herein has been, and is, entitled to the same Constitutional rights of due process and equal protection under the U.S. Constitution, Amendments 5 and 14, and the Missouri Constitution, Article I, §2 and §10,

**WHEREFORE,** Plaintiff respectfully requests the Court to immediately direct and order its Clerk to provide to the Plaintiff by U.S. mail:

1. **FREE** copies of all documents, sealed and unsealed filed in this case including all court orders.

2. A copy of the complete docket to date with entries set forth on the docket including, but not limited to, the docket number of each entry, the title of each docket entry, the date of filing of each docket entry, the designation of the filer of each docket entry, and the type and manner of service, whether by NOTICE **or** actual transmission of the document, method of transmission, (i.e., mail, pacer, PDF attachment), and the party to whom such transmission was directed.

3. Copies of all E-mail sent and received by the Court's staff including, but not limited to, requests by the Plaintiff for copies of filed documents.

Respectfully,

MJ

cc: Attorneys of record.

---

[3] In fact, the Plaintiff knew only that the court had entered an "Order of Dismissal" on March 4, 2013 and did not learn until later that the Court had also filed a "*Memorandum and Order*," the latter was not reflected in the public notice Plaintiff received by E-mail.

3



***NOTE TO PUBLIC ACCESS USERS***

Judicial Conference of the United States policy permits attorneys ofrecord andparties in a case(INCLUDING PRO SE LITIGANTS) to receive one FREE electronic copy of all documents filed electronically,if receipt is required by law or directed by the filer. PACER access fees apply to all other users.To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

## THE FOLLOWING IS A SAMPLE AND NOT TO BE CONSIDERED ALL-INCLUSIVE OF PLAINTIFF'S REQUESTS FOR COPIES OF DOCUMENTS IN THE COURT'S FILE AND IN THE POSSESSION OF THE COURT AND ITS CLERK

1. E-mail: 9/20/12: Could you please immediately send me the following:   1) Copy of the previous conference schedule, etc.

2. E-mail: 9/21/12:  I need: "1) A copy of the Previous joint proposed scheduling plan," et al. AND statement to the staff: "   Please insure that any and all documents are in PDF format since I have a very very old and slow 1998 vintage computer."

3. E-mail: 1/2/13:  "Copy of Defendant's response to my latest motion requested: *"I am unable to retrieve filings."*

4. E-mail: 1/21/13: "Could  you please immediately E-mail/attach a PDF copy of Document #78 filed by Defendants on 2/21/2013?"

5. E-mail: 1/24/13: "Could you please E-mail me (PDF's) of the recent motions that were filed by the Defendants on 1/24/13 and thereafter."

6. E-mail: 2/22/13: "Could you please E-mail the exhibits that were attached  to the pleading  re: Document #78." (Sealed)

7. E-mail: 2/22/13."The PDF's of the two exhibits are coming through BLACK. Could you verify they are properly being scanned--see if you can open them, perhaps, sending them to yourself."

8. E-mail: 3/9/13. "I would hope that the judge would permit someone to IMMEDIATELY send ma copy of the entire court file *including* docket entries, ALL E-mails, all sealed documents, and all pleading s, PREFERABLY, by U.S. Mail." **NO RESPONSE.**

9. E-mail: 3/12/13: RE: "Request for copies that came through black and no response received. "No response received. Please confirm receipt of this E-mail and what, if any action has been taken. Thank you." **NO RESPONSE** was received either from this e-mail sent to the court's staff.

10. E-mail: 3/18/13:  (From Court staff). " **As previously ordered, all requests must be made to the Court!"**