RECEIVED
MJ OCT 04 2013
BY MAIL

**[IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT**

Plaintiff )
)
)
v. )                    Cause No. 4:12-CV- 00341 JAR
)
**WASHINGTON UNIVERSITY** )
**IN ST. LOUIS PHYSICIANS, et al** )
)
Defendants )

### *SUBMITTED UNDER SEAL*
### IN ACCORDANCE WITH THE COURT'S ORDER
### OF SEPTEMBER 30, 2013, PLAINTIFF FILES
### HEREWITH, A REDACTED TRANSCRIPT

Comes now Plaintiff/Appellant and in accordance with the Court's order of September 30, 2013,

Plaintiff files herewith the redacted transcript of May 11, 2012.

Respectfully,

*Plaintiff*

Attached:

Redacted Transcript

REDACTED - UNDER SEAL

1

1                          UNITED STATES OF AMERICA
                      EASTERN DISTRICT OF MISSOURI
2                            EASTERN DIVISION

3    M.J.,                        )

4          Plaintiff,       )

5      vs.                 )   No. 4:12-CV-341 JAR

6    WASHINGTON UNIVERSITY IN    )
    ST. LOUIS PHYSICIANS, et al.,  )

7                        )

          Defendants.      )
8

9               TRANSCRIPT OF MOTION HEARING

10         BEFORE THE HONORABLE JOHN A. ROSS
            UNITED STATES DISTRICT JUDGE
11

                 May 11, 2012
12

13   APPEARANCES:

14   For Plaintiff:     Mr. Matthew S. Chase
                  CHASE LAW FIRM, P.C.
15               231 Bemiston Ave., Suite 800
                  St. Louis, MO  63105
16

    For Defendants:    Mr. Mark J. Bremer
17                KOHN AND SHANDS
                  1 N. Brentwood Blvd., Suite 800
18               St. Louis, MO  63105

19                  Mr. Jonathan H. Garside
                  FOX GALVIN, LLC
20               One S. Memorial Drive, 12th Floor
                  St. Louis, MO  63102
21

    REPORTED BY:       SUSAN R. MORAN, RMR, FCRR
22               Official Court Reporter
                  111 South 10th Street
23               St. Louis, MO  63102
                  (314) 244-7983
24

    Proceedings recorded by mechanical stenography, produced by
25   computer-aided transcription.

1          (The following proceedings were held in open court

2     on May 11, 2012 at 10:11 a.m.:)

3          THE COURT:  Good morning.  We are here and on the

4     record this morning in the case of M.J. versus Washington

5     University in St. Louis Physicians, et al.  Let the record

6     reflect this is Cause No., I'm sorry, 4:12-CV-341.  Let the

7     record reflect we're here today, this morning on plaintiff's

8     counsel, Mr. Chase's, Motion to Withdraw.

9          The record should reflect Mr. Chase appears, counsel

10    for the plaintiff.  Is the plaintiff here, Mr. Chase?

11

12          M.J.:  Yes.

13          THE COURT:  And on behalf of the defendants is Mark

14    Bremer and Jonathan Garside?

15          MR. BREMER:  Yes, Your Honor.

16          MR. GARSIDE:  Yes, Your Honor.

17          THE COURT:  Again, we're here this morning on

18    Mr. Chase's Motion to Withdraw.  Mr. Chase, it's your motion.

19          MR. CHASE:  Your Honor, I spoke with opposing

20    counsel just a moment before you came in.  If it is --

21          THE COURT:  Come to the podium.  And if you'll make

22    sure the microphone is on.

23          MR. CHASE:  It's on.  If it's acceptable to the

24    Court, would it be possible to speak to the Court with my

25    client without opposing counsel present just as far --

```
 1    insofar there's a disagreement between us, whatever it may
 2    be, he's concerned, as am I, that it does not negatively
 3    impact his case vis-a-vis what the defense counsel knows.
 4    This is a matter between my client and myself.  I have not
 5    been in a situation where I've argued a Motion to Withdraw.
 6    They've always tended to be taken up and granted, and I've
 7    not been fought on it before.  So is it --
 8              THE COURT:  I'm not sure anybody is fighting you on
 9    it, Mr. Chase.
10              MR. CHASE:  Well, my client has indicated that he
11    prefer that I not withdraw right now, and I am of the
12    position that I must.
13              THE COURT:  You're here this morning as an officer
14    of the court, and you're indicating --
15              MR. CHASE:  Yes, sir.
16              THE COURT:  -- that there are irreconcilable
17    differences --
18              MR. CHASE:  Yes, sir.
19              THE COURT:  -- in your view between you and your
20    client?
21              MR. CHASE:  Yes.
22              THE COURT:  And you're asking for leave to withdraw;
23    is that correct?          •
24              MR. CHASE:  Yes, sir.
25              THE COURT:  And without getting into any of the
```

1    details of your communications with your client, you are

2    representing to the Court, as I understand it, that you

3    believe that you cannot proceed in good faith with

4    representation of your client; is that correct?

5         MR. CHASE:  Yes, Your Honor.

6         THE COURT:  And you provided a copy of this motion

7    to your client, notice was given?

8         MR. CHASE:  Yes.

9         THE COURT:  He's here today as a result of that

10   notice; is that correct?

11        MR. CHASE:  Yes, Your Honor.  The notice was given,

12   I believe, on the 2nd I want to say.  It was e-mailed and

13   again sent.  There was confusion that the attachment e-mail,

14   that my motion as attached was not attached, but it was kind

15   of in a circular fashion, it was the e-mail to which the

16   motion was attached to my client becomes the attachment to

17   this.  But he received all that on May 2nd.

18        There's been a concerted effort by both myself and

19   him to find replacement counsel.  I don't know if he's found

20   anybody yet, but that's where we stand.  There are

21   irreconcilable differences, and I cannot continue on this

22   matter.

23        THE COURT:  Okay.  Anything else, again, without

24   getting into --

25        MR. CHASE:  Yeah, that's --

1          THE COURT:  -- confidential communications between

2     you and your client?  Anything else you want to tell me with

3     regard to this motion?

4          MR. CHASE:  Just I guess pointing to the Rule

5     4.116(b), the various -- there are seven reasons listed under

6     that rule, including withdrawal can be accomplished without

7     material adverse effects in the interest of the client.

8     There's two and three deal with crime and fraud, which there

9     is certainly no hint of in any way, shape, or form.  There's

10    fundamental disagreements.  And No. 4, there's obligations.

11    There's representation resulting in a burden on the attorney

12    or difficult or been rendered difficult by the client.  And

13    other good causes for withdrawal exists on seven.

14         So I believe that amongst those there are several

15    things, obviously details of which I'd rather not go into,

16    which I believe necessitates the termination of my

17    representation.

18         THE COURT:  Okay.  Just so that the record is clear,

19    you did appear at a Rule 16 conference --

20         MR. CHASE:  Yes, Your Honor.

21         THE COURT:  -- on May the 1st, and it was really at

22    that Rule 16 conference that you announced to the Court that

23    it was your intent to file this Motion to Withdraw, so the

24    Court recessed the Rule 16 conference and set the Motion to

25    Withdraw.

1              MR. CHASE:  Yes, Your Honor.

2              THE COURT:  That's why we're here today.

3              MR. CHASE:  And on that point, Your Honor, pardon

4    me, you know, I'd just like to apologize to opposing counsel.

5    This was a decision, there was some discussion only in the

6    couple of days leading up to that motion, and decisions

7    really had just been made.  And that was that.  So the

8    scheduling of upcoming actions would have to be done with

9    replacement counsel, or if my client decides to go forward on

10   this matter pro se.

11             THE COURT:  Okay.  All right.  So anything else that

12   you want to tell the Court with regard to your motion?

13             MR. CHASE:  Not that I would feel comfortable for

14   the interest of my client.

15             THE COURT:  Okay.  And your client, M.J., is present

16   here in court; is that correct?

17             MR. CHASE:  He's here, Your Honor.

18             THE COURT:  And, M.J., if you would step up to the

19   podium and give us your position with regard to the Motion to

20   Withdraw.

21             M.J.:  Your Honor, forgive me, I've got severe back

22   problems.  Judge, I have prepared an affidavit in opposition

23   to the motion.  And if the Court permits, I should like to

24   file it along with making comments related to it.

25             THE COURT:  I'll give you leave to file the

```
 1    affidavit.

 2              M.J.:  Okay.  Shall I file it now or just --

 3              THE COURT:  I'm going to have you give it to my law

 4    clerk.  You've not seen this, I'm assuming?

 5              MR. BREMER:  No, Your Honor.

 6              MR. GARSIDE:  No, Your Honor.

 7              M.J.:  I do have a copy, Your Honor.

 8              THE COURT:  Okay.  If you'll go ahead and present it

 9    to opposing counsel.  Yes, sir.

10              M.J.:  And if I may allow the Court to take a look

11    at it.

12              THE COURT:  Go ahead and tell me whatever it is you

13    want to tell me.

14              M.J.:  Okay.  Your Honor, when I -- first of all, I

15    have the greatest respect for Mr. Chase and his father who

16    agreed to represent me on rather short notice.  We entered

17    into an agreement, and that agreement provided specifically

18    that I would agree to advance the court costs, out-of-pocket

19    court costs for the discovery and the service fees that were

20    necessary on the defendants.  In reliance on that agreement,

21    I advanced approximately $800 for service on all of the

22    defendants.

23              Your Honor, there are no irreconcilable differences

24    as set forth in this affidavit.  The bottom line is money.

25    And that's the only difference that apparently counsel has
```

1    with me.  I have set forth in the affidavit two specific

2    references to e-mails that counsel has sent to me.

3            And if I may read them.  The first one indicates an

4    Exhibit A.  "Washington U and attorneys are definitely poised

5    to make certain that this litigation is as costly and lengthy

6    as humanly possible for you and your counsel."  And then

7    Mr. Chase states, "I must either withdraw as counsel, leaving

8    you as a pro se litigant, which will require the consent of

9    the Court, or we must revise the original contract from a

10   contingency fee agreement to an hourly fee agreement.  My

11   hourly rate is..."  And then he goes on to state in this

12   communication with me what his hourly rate is.

13           Your Honor, this court has discretion.  If this

14   court allows counsel to withdraw at this point, it will, in

15   fact, be ratifying and condoning a breach of contract.  There

16   is nothing in our retainer agreement which indicates any

17   change in the fee agreement or counsel's right to withdraw in

18   the event that this case reaches a more substantial

19   magnitude, which it has by transfer from the St. Louis

20   Circuit Court to this court.

21           I happen to believe that when two parties agree to a

22   contract and they are on the same standard, even though I

23   think that my ability is not that of Mr. Chase, and Mr. Chase

24   drew up the retainer agreement, which this court could see if

25   it so desires, that the Court should not condone on the basis

1   of some illusionary irreconcilable differences the withdrawal

2   of counsel leaving his client dangling.

3           I have made some proposals in this affidavit and

4   suggestions to the Court.  No. 1, I have just been diagnosed

5   with cancer.  I'm in no position nor do I have the ability to

6   be familiar with all the rules and machinations that would be

7   required if I were to represent myself in this cause of

8   action.  It would be a decimation of this case, which I'm

9   sure counsel for the defendants would be delighted to do, but

10  it would be manifestly unfair to me.

11          If this court were to allow counsel to dismiss this

12  cause of action, then my causes of action for decimation

13  would be destroyed.  And as the Court has allowed and as the

14  counsel I'm sure is aware, there is a two-year statute of

15  limitations.  So dismissal is not an alternative.

16          I have suggested in my affidavit in suggestions to

17  the Court that my suggestion would be this, if and when I'm

18  able to obtain alternative counsel on the same terms and

19  conditions as agreeable to Mr. Chase and myself when we

20  initiated this retainer agreement, then at that time I would

21  agree that Mr. Chase could refile his Motion to Withdraw and

22  substitute counsel.

23          Alternatively I had several other proposals and

24  said, I did talk to Mr. Chase and he indicated to me that if

25  the Court ordered him to take the depositions required, he

1    would do so.  So I find it very difficult to compare these

2    statements with irreconcilable differences.  And particularly

3    the one in which he says that, you know, or we must revise

4    our fee agreement.  That to me is not an irreconcilable

5    difference.  There are no irreconcilable differences.

6            I realize that counsel may have decided that because

7    of the magnitude of this case it's more substantial than he

8    originally thought, but those things happen.  There is an old

9    saying, when the going gets tough, the tough get going, and I

10   really think that that's applicable in this particular case.

11           I'm willing to help counsel in any way possible that

12   I can as far as doing whatever I can.  And I have not

13   withdrawn my agreement with him, which I have not breached,

14   to pay additional out-of-pocket court costs for the services

15   of a court reporter.

16           The other comments that are set forth in my

17   affidavit and suggestions, Your Honor, are that, again, and I

18   can't overemphasize, I relied on this contract, I acted on

19   the contract with my attorney, paid out over $800 in service

20   fees approximately, and performed what I agreed to do.  And

21   he agreed in the retainer agreement to represent me.  There

22   was no provision in that agreement for any reconsideration or

23   revision of the financial terms of the agreement.

24           As I said, this court has substantial discretion.

25   And I realize this is a civil case, and my life is not at

1    stake other than my extreme pain and my new diagnosis for

2    cancer, which is very hard to monetarily quantify.

3         I would ask under the circumstances that the Court,

4    one, deny the Motion to Withdraw without prejudice; that the

5    Court order counsel to continue with all discovery that's

6    necessary, including depositions, interrogatories, requests

7    for production.  At such time if I can find alternative

8    counsel or in further discussions with Mr. Chase, he wishes

9    to refile and have this court reconsider his Motion to

10   Withdraw, then I think really that's the appropriate time for

11   any consideration of this motion, and I have suggested that

12   to Mr. Chase.

13        Since counsel has indicated to me, if this court

14   orders him to continue and to take the necessary depositions,

15   once again -- and I emphasize this -- I can't see any

16   irreconcilable differences.  I've left all legal decisions to

17   Mr. Chase.  I do not disagree with them other than the filing

18   of this motion at this time.  And I would respectfully

19   request that this court act accordingly in fairness to me and

20   in view of all the circumstances and find that there has been

21   nothing indicated that there are irreconcilable differences

22   between us, and that under the circumstances there are no

23   viable alternatives at this time for me to take in this case.

24        I thank the Court and I appreciate its

25   consideration.

1          THE COURT:  I have one other question for you or

2     issue to ask you about.  You had called my judicial

3     assistant; is that correct?

4          M.J.:  Yeah.  That is irrelevant, Your Honor.  And I

5     don't think that that -- that's no longer a consideration.

6          THE COURT:  When you say it's no longer a

7     consideration, you had indicated to my judicial assistant

8     that you believed that I had -- when I was in the -- just let

9     me finish.

10         M.J.:  All right.

11         THE COURT:  That you believed that I had when I was

12    in the prosecuting attorney's office many years ago had had

13    some contact with a party in the case.  And --

14         M.J.:  Since then I found out that that was not

15    correct, Your Honor.

16         THE COURT:  Okay.

17         M.J.:  And it's not relevant.

18         THE COURT:  Okay.  So I just wanted to be clear, I

19    did not --

20         M.J.:  Certainly --

21         THE COURT:  -- know of any contact that I had had

22    with any of the parties in this case.  So if you had

23    information that I had, I wanted you to refresh my

24    recollection.

25         M.J.:  And that certainly is admirable that you

1   would have gotten into that, but the information I had was
2   incorrect, and that's really irrelevant at this point.  I'm
3   quite -- I'm quite satisfied with you as the judge and would
4   hope that you would enter a fair and just decision in this
5   case.

6   THE COURT:  I just wanted to make sure that I wasn't
7   overlooking something or that you had some information that
8   you wanted to bring to the attention of the Court.  And
9   you're telling me that you do not?

10  M.J.:  I do not.  I have no information.

11  THE COURT:  And to the extent that you may have said
12  something that you had such information, it was not correct?

13  M.J.:  Yes, that's correct.

14  THE COURT:  Okay.  All right.  Anything else that
15  you want to tell me with regard to the Motion to Withdraw?

16  M.J.:  No, Your Honor, other than that there are
17  only two or three alternatives, and if this court elects one
18  of the alternatives, it will either decimate the case or put
19  me in an impossible position to continue to appear pro se and
20  to take depositions or whatever is necessary in order to
21  proceed with this case.  I think justice and fairness would
22  demand that these things be considered, and not just a bare
23  irreconcilable differences with nothing more.  And there is
24  no consideration in this agreement for any kind of revision
25  of the fees based on whatever defendants' counsel is poised

1  to do and whatever intention they might or might not have to

2  run up the costs in this case as they see fit.

3  THE COURT: Let me just say this to you. I don't

4  think it's a proper role for this court under these

5  circumstances to order specific performance, which is

6  essentially what you're asking me to do, of your employment

7  agreement with your attorney. I don't believe that that's a

8  proper rule for this court. Assuming that that's my view and

9  that that would be the order, what my intent would be -- and

10 I have at least one other question that I want to ask

11 Mr. Chase real quickly. But what my intent would be, would

12 be to stay the proceeding for 60 days to give you an

13 opportunity to get alternate counsel, and not to allow any

14 further discovery to go forward so as to preserve your

15 rights.

16 But as you know, from listening to you, you have

17 substantial familiarity with the law, that there's no

18 constitutional right to an attorney in a civil case. And I

19 don't believe that I can compel an attorney to perform and

20 continue to serve as counsel so as to basically order

21 specific performance of an employment contract, which is

22 essentially again what you're asking me to do.

23 Again, I understand and I'm concerned about

24 preserving your ability to pursue your cause of action, but

25 that's not in my view a proper rule for the Court.

1    So I guess my question of you would be, if the Court

2    were to give you 60 days to seek alternate counsel, how would

3    that in your view adversely effect you?

4    M.J.:  That's the question I'd like to respond to,

5    Your Honor.  One, I agree with you that this court cannot

6    order counsel to do anything.  From what I know of the law, I

7    do not disagree.  However, this court in the interest of

8    justice and fairness and not condoning and sanctioning a

9    breach of a valid contract between two parties on which the

10   plaintiff has detrimentally relied, I would request this

11   court to deny, just deny the Motion to Withdraw, which this

12   court has the power to do in view of the fact that there's no

13   consideration, that I have relied on my agreement with my

14   attorney to furnish out-of-pocket costs in the event -- over

15   $800 thus far.  There's been no showing of any discernible

16   irreconcilable differences.

17   And there is a showing that counsel wants to

18   withdraw because he would prefer to change the agreement to

19   one of an hourly basis, which he knew and knows in advance

20   that I was unable to agree to.  And this was discussed with

21   counsel prior to the time that I signed the agreement.  So he

22   was familiar with that.

23   Merely extending this case for 60 days would not

24   change the facts.  The facts are I have been looking for

25   alternative counsel, and thus far have not found it.  I don't

1    think 60 days is going to make any difference, Your Honor.  I

2    think whether this court just simply sustains his motion at

3    this point or whether it waits 60 days, and when I am still

4    unable to find counsel to agree to represent me on the same

5    terms and conditions set forth by Mr. Chase, the same result

6    is absolutely inevitable, this court will then dismiss this

7    action.

8            And I think once an attorney agrees to represent a

9    client, unless there are absolutely shown irreconcilable

10   differences or a breach of the client's obligations under the

11   contract, then this court acting in its judicial capacity in

12   the capacity of equity say, look, I'm not going to agree to

13   this, and I think any Court of Appeals would sustain the

14   discretion that this court would utilize if it determined

15   that there was not sufficient just cause to grant this Motion

16   to Dismiss at this time.

17           As I said, and I propose, that after the discovery,

18   if motion -- if the counsel wants at that time to consider

19   refiling his Motion to Withdraw, then we can discuss where we

20   are at that time.  And I have set forth in the affidavit and

21   in the motion that at any time during this entire procedure,

22   and that I should find another attorney agreeable to

23   represent me on the same terms and conditions as that agreed

24   upon with Mr. Chase, that I would not -- probably not object

25   to a withdrawal of counsel at that time.

1        But once counsel goes to the meetings, once -- you

2   know, although counsel may feel that if this were before the

3   Circuit Court of the City, it would have been much easier to

4   handle, and now that it's before the U.S. District Court with

5   its accelerated docket, it's a little more difficult, once

6   again, I don't think these are irreconcilable differences.

7        This is a change of decision on the part of counsel.

8   And that change of decision is not within the agreement

9   between his client, me, and himself. And I really think that

10  this court should recognize that a contract is a contract.

11  If I make a contract with somebody, I intend to abide by it.

12  If this court just says, look, we're dealing with a different

13  circumstance, contracts don't apply, I'm going do what I can

14  do within my discretion, I think that would be manifestly

15  unfair to me as a plaintiff, and knowing that I have been

16  actively seeking alternative counsel but thus far have not

17  been able to find it. And I don't think 60 days is going to

18  make any difference.

19        THE COURT: Okay. You're asking to file the

20  affidavit; is that correct?

21        M.J.: Yes, Your Honor.

22        THE COURT: The record will reflect that the Court

23  will grant leave that the affidavit be filed and made a part

24  of the record.

25        M.J.: Thank you, Your Honor.

```
1            THE COURT:  Okay.  All right.  If you'll have a
2     seat.
3            MR. CHASE:  May I reply, Your Honor?
4            THE COURT:  Mr. Chase.
5            MR. CHASE:  Unfortunately without waiving -- without
6     waiver of confidentiality --
7            THE COURT:  I'm not asking you about any
8     communication --
9            MR. CHASE:  -- I really cannot speak to --
10           THE COURT:  -- between you and your client.  My only
11    question of you is, again, you're here as an officer of the
12    court.
13           MR. CHASE:  Yes, sir.
14           THE COURT:  Are the irreconcilable differences that
15    you're referencing, are they other than just the fee
16    disagreement?
17           MR. CHASE:  Yes, sir.  And on that point, at some
18    point over the last week since we were last here, we were on
19    the phone with the ethics attorneys over at the Missouri Bar
20    going over what the issue was.  And, in fact, I never
21    followed it up with an additional note to M.J. saying, you
22    know, even with, you know, an hourly system, I would not be
23    going forward.  Because of the issues that I explained to the
24    ethics attorneys there, they said really you should withdraw
25    at this point.  And I am of the position that regardless --
```

1        And on one other thing, I mean, I understand it's

2    been difficult for M.J. to find an attorney.  And I have

3    exhausted the resources -- I don't know that many people who

4    practice -- it's not a medical malpractice case, but those

5    are kind of the folks that I spoke to that I thought might

6    want to take over the case, firms a little more experienced

7    in the area of going after hospitals and doctors, et cetera.

8    And I had not been successful.

9        But at the same time, and this is not disclosing

10   anything that I haven't already spoken to opposing counsel

11   on, as M.J. knows from the very start, that M.J. came to me

12   very, very close to the expiration of a statute of

13   limitations, just a few days.  And I did explain that, you

14   know, this is not necessarily my area of expertise, but

15   you're telling me you had no other -- you were not

16   successful in -- because he tried to solve the overall issue

17   that this case is based on directly by letters, et cetera.

18   That, again, they know this because they've got all the

19   letters that were sent in his attempts to resolve these

20   issues without lawsuit.

21       He tried so hard that it was close to the statute of

22   limitations running that I said, look, let me help you get

23   this suit filed, but there's the possibility that I'm going

24   to have to step away.  And I've tried now for some time to

25   find replacement counsel and to discuss this with him where,

1  you know -- but I was still trying to work as effectively as

2  I could with him.

3          But as I researched the case and whatnot, there came

4  points of disagreement.  And those I cannot go into.  But

5  there are significant points of disagreement, and it is not

6  merely an issue of money.  Because, you know, I've got other

7  clients that I work for with the expectation of possible pay

8  down the road, and I've got clients that I work for on an

9  hourly or payment in advance.  And I try to give every bit of

10 effort that every case deserves.

11         At the same time this would cause a burden given the

12 amount of time that I expect this is going to take, and the

13 risk/reward factor will be very burdensome on me.  And that

14 is one of those seven listed reasons.  There are others.

15         And as an officer of the court, yes, there are

16 irreconcilable differences on the case, none of which I would

17 even ask M.J. to waive client confidentiality on because it's

18 not something that should be aired here.

19         THE COURT:  Okay.  I don't believe that it's

20 necessary for the Court to get -- necessary or appropriate

21 given the posture of the case for the Court to get into the

22 confidential communications between you and your client, so I

23 don't believe that that's necessary.

24         So anything further, Mr. Chase?

25         MR. CHASE:  No, Your Honor.

1          THE COURT:  Mr. Bremer, Mr. Garside, I haven't asked

2    for your positions, and I don't know that you necessarily

3    have positions with regard to this.  Do you have anything you

4    want to add?

5          MR. GARSIDE:  No, Your Honor.

6          MR. BREMER:  No, Your Honor.

7          THE COURT:  Okay.  All right.  Again, this is a

8    civil action pending before the Court.  I am concerned about

9    protecting, M.J., your ability to pursue your cause of

10   action.  But giving consideration to the affidavit, giving

11   consideration to what Mr. Chase has indicated, the Court is

12   going to grant the Motion to Withdraw.

13         As I indicated previously, there's no constitutional

14   right to counsel in a civil case.  I don't believe that the

15   Court in the position that I'm in at this point is in a

16   position to order specific performance of an employment

17   contract or enforce your employment contract between you and

18   your attorney that you believe may be breached.  The Court

19   does note and does accept Mr. Chase's representations as an

20   officer of the court that there are irreconcilable

21   differences.  He's indicated he's spoken to ethics counsel

22   who has advised him to withdraw.

23         Again, I don't believe that it would be in your best

24   interest for me to get into the confidential communications

25   between you and your client because I'm still going to be

1  presiding over the case. So I don't believe that that's in

2  your best interest for me to get involved in those

3  communications.

4          The Court is going to grant the Motion to Withdraw.

5  I'm going to stay the matter for 60 days, stay the discovery

6  to allow M.J. to seek substitute counsel or to make other

7  arrangements. And I'll set the matter for a status

8  conference. I'm going to do an order setting it for a status

9  conference 60 days out. If you get substitute counsel before

10 that time, M.J., then you should have your counsel enter an

11 appearance, and we can get the case moving forward as soon as

12 that counsel enters in the case.

13         As I indicated, we had the case scheduled for a Rule

14 16 conference. It was the Court's intent to issue a case

15 management order. And it was really at that time that I

16 first found out about this issue.

17         But, again, giving consideration to all of the facts

18 and circumstances in this case, the Court believes that the

19 only appropriate action is to grant the Motion to Withdraw,

20 stay the action for 60 days to give you an opportunity to get

21 substitute counsel. The Court will issue a written order in

22 conformance with that.

23         Yes, sir, Mr. Bremer.

24         MR. BREMER: Your Honor, we were about ready to

25 serve our first set of written discovery requests pursuant to

```
 1    the rules, which we're allowed to do at this point.  Would it
 2    be permissible to the Court if we were to still serve what we
 3    were planning to serve but then obviously any duty to respond
 4    to the written discovery would be stayed pending further
 5    order of the Court?
 6            THE COURT:  What's the point of serving that or
 7    waiting to serve it for 60 days?
 8            MR. BREMER:  Okay.  Very good.  We'll wait on that
 9    as well.
10            THE COURT:  I'm going to order that the matter be
11    stayed and that all discovery be stayed for 60 days, again,
12    to give M.J. an opportunity to get substitute counsel.  I
13    understand under the rules you're entitled to serve the
14    written discovery requests, but given all of the
15    circumstances, I think I'm just going to stay the action for
16    60 days.
17            Again, I don't want to adversely affect your ability
18    to pursue your cause of action, but I believe this is the
19    only appropriate ruling for the Court to make at this time.
20    So I'll enter a written order in conformance with that
21    ruling.  And that will conclude the matter.
22            MR. CHASE:  Thank you, Your Honor.
23            MR. BREMER:  Thank you, Judge.
24            THE COURT:  I'm sorry, one other quick thing that I
25    do need to make sure of.  I don't believe that we have an
```

1    accurate address for M.J., so I need an address so that we

2    can make sure that you get all of the pleadings at this point

3    in time.  So can you state for the record what your address

4    is.

5            M.J.:  Your Honor, I have an e-mail address and I

6    would ask that that e-mail address be added to the list of

7    notifications.

8            THE COURT:  We have a local rule that requires the

9    parties to have the address.  So I'm going to ask you for

10   your address.

11           M.J.:  Well, Your Honor, I'd appreciate if you would

12   forward anything to my counsel.  I have every reliance that

13   he will send it to me.  And for privacy reasons, I would

14   respectfully request that the only communication be by e-mail

15   or forwarded to Mr. Chase for me, and that would be

16   acceptable.

17           THE COURT:  If you want me to order that your

18   address be sealed, I'll seal the address.  But

19   communications -- once the Court has granted the Motion to

20   Withdraw, any communications between opposing counsel and you

21   have to be mailed.  I'll seal the address so it's not a part

22   of the public record.

23           M.J.:  Okay.  But, I mean, would also the Court

24   agree that it would just be between me and the Court, and no

25   one else --

| | |
|---|---|
| 1 | THE COURT: Opposing counsel would have the address. |
| 2 | It will be sealed so it's not a part of the public record. |
| 3 | And I'll ask, Mr. Chase, that you file that with the Court, |
| 4 | the address. And will you give us the e-mail address at this |
| 5 | time? |
| 6 | M.J.: I shall, Your Honor. The e-mail address |
| 7 | would be simply MJ.litigation@Yahoo.com. And if you would |
| 8 | add that to the list of e-mail addresses currently to be |
| 9 | notified, I should be very grateful. |
| 10 | THE COURT: We'll do that. And then I'll ask, |
| 11 | Mr. Chase, that you file as a sealed filing the address. |
| 12 | MR. CHASE: And, Your Honor, I've never filed a |
| 13 | sealed filing. Is it still done through the CF -- |
| 14 | THE COURT: CM/ECF, it is. |
| 15 | MR. CHASE: I guess there's a choice for a sealed |
| 16 | file? |
| 17 | THE CLERK: Sealed document. |
| 18 | THE COURT: Sealed document on CM/ECF. |
| 19 | MR. CHASE: Okay. Now, the other question, Your |
| 20 | Honor, I assume at some point once CM/ECF gets it all sorted |
| 21 | out, I'll no longer be copied on the case? |
| 22 | THE COURT: That's correct. |
| 23 | MR. CHASE: M.J. does have, you know, obviously |
| 24 | e-mail access until such time as counsel comes in. Does the |
| 25 | Court allow for pro se litigants to have a CM/ECF account? |

| | |
|---|---|
| 1 | THE COURT:  He can get a Pacer account, can he not? |
| 2 | THE CLERK:  Judge, there are circumstances they've |
| 3 | been able to give people that are pro se e-mail notification |
| 4 | through their CM/ECF. |
| 5 | THE COURT:  So he'll get e-mail notification through |
| 6 | CM/ECF.  We'll authorize that. |
| 7 | MR. CHASE:  But also if he has something to file, if |
| 8 | indeed for whatever reason he decides to proceed pro se -- |
| 9 | THE COURT:  He's got to file it in accordance with |
| 10 | the rules, but he can file it electronically. |
| 11 | THE CLERK:  He's got to come to the clerk's office. |
| 12 | M.J.:  Can it also be filed by mail? |
| 13 | THE CLERK:  Yes. |
| 14 | THE COURT:  It can be mailed to the clerk's office, |
| 15 | and then filed.  All right. |
| 16 | MR. BREMER:  Then somehow defense counsel will have |
| 17 | access to his mailing address through the seal, right? |
| 18 | THE COURT:  That's correct. |
| 19 | MR. BREMER:  Thank you, Judge. |
| 20 | THE COURT:  Okay.  That will conclude the record. |
| 21 | We'll be in temporary recess. |
| 22 | (Court in recess at 10:50 a.m.) |
| 23 | |
| 24 | |
| 25 | |

1          C E R T I F I C A T E

2               I, Susan R. Moran, Registered Merit Reporter, in

3     and for the United States District Court for the Eastern

4     District of Missouri, do hereby certify that I was present

5     at and reported in machine shorthand the proceedings in the

6     above-mentioned court; and that the foregoing transcript is

7     a true, correct, and complete transcript of my stenographic

8     notes.

9               I further certify that I am not attorney for, nor

10    employed by, nor related to any of the parties or attorneys

11    in this action, nor financially interested in the action.

12              I further certify that this transcript contains

13    pages 1 - 27 and that this reporter takes no responsibility

14    for missing or damaged pages of this transcript when same

15    transcript is copied by any party other than this reporter.

16              IN WITNESS WHEREOF, I have hereunto set my hand

17    at St. Louis, Missouri, this 5th day of September, 2013.

18

19                              _____

20                              /s/ Susan R. Moran
                                Registered Merit Reporter

21

22

23

24

25